In re Wyatt Lee MALONE, Case No. 79–03471–KZ, Debtor.

Wyatt Lee MALONE, Plaintiff,

v.

AMERICAN FLETCHER NATIONAL BANK, Defendant.

Bankruptcy No. C80–0106–M.

United States Bankruptcy Court, S. D. California.

Aug. 15, 1980.

Ronald J. Pullen, Chula Vista, Cal., for debtor/plaintiff.

John M. Seitman, San Diego, Cal., for defendant.

## MEMORANDUM OPINION REGARDING MOTION TO DISMISS OR TRANSFER FOR LACK OF PROPER VENUE

### I

JAMES W. MEYERS, Bankruptcy Judge.

On December 28, 1979, the debtor, Mr. Wyatt Lee Malone, filed his Chapter 7 petition with this Court. On March 31, 1980, the debtor instituted an action in this Court against the American Fletcher National Bank ("Bank"). The complaint sought injunctive relief, damages and a turnover of property by charging that the Bank had converted the debtor's property and had engaged in unfair debt collection practices.

The complaint precipitated the filing of a motion by the Bank to dismiss the action, or transfer it for lack of proper venue. This motion was argued before the Court and based on the evidence and contentions presented by the parties, the Court must deny the Bank's motion. This opinion is filed to explain that decision.

### II

### FACTS

The debtor is a resident of San Diego, California, having moved here a short time ago from Indiana. The Bank is a national banking corporation with principal offices in Marion County, Indiana, and international offices in the Bahamas and Luxembourg. These are the only places where the Bank conducts business.

On June 23, 1978, the debtor purchased an automobile from Kool Oldsmobile in Indianapolis, Indiana. Thereafter, the Bank acquired Kool's contract with the debtor by way of an assignment. The debtor then came to San Diego, California, with the automobile where he eventually filed for relief under the United States Bankruptcy Code ("Code").[1] In the schedules filed with his petition, the debtor claimed the automobile as exempt property pursuant to Section 522(d)(2) of the Code. *See* 11 U.S.C. § 522(d)(2). The availability of this exemption has not been questioned as no party in interest has filed an objection.

On March 3, 1980, however, the Bank repossessed the debtor's automobile as he had defaulted on the sales contract. This action prompted the debtor to file his complaint against the Bank, which *inter alia* sought the return of his automobile so the debtor could continue with his new employment here. The Bank currently has possession of the automobile, and has agreed not to dispose of it until its motion has been decided.

---

1. By removing the automobile to California, without permission of the seller, the debtor violated one of the terms of the sales contract.

## III

## DISCUSSION

The Bank contends that venue for this proceeding has been improperly set in the Southern District of California.[2] To justify this contention, reliance is placed on Section 94 of the National Bank Act, which reads:

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

12 U.S.C. § 94. The Bank urges that this provision is mandatory in nature and provides the exclusive venue for a lawsuit against a national bank. *See e. g., Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). Based on these contentions, the Bank then argues that the Court should either dismiss the debtor's action entirely or, transfer it to Marion County, Indiana. *See* 28 U.S.C. § 1475; Fed.R.Civ.P. 12(b)(3); Bankruptcy Rule 712(b).

The debtor, of course, views the question of venue differently, claiming that venue of this action is proper here in that his bankruptcy petition was filed in this district. *See* 28 U.S.C. § 1473. The debtor also seeks to avoid the impact of Section 94 of the National Bank Act by reference to cases which have carved out an "in rem exception" to its venue requirements. *See* 1 *Moore's Federal Practice* ¶ 0.144[2.–1] at 1475–76 (2d ed.).

### A. *The Proper Venue*

■ The Bank's reliance on Section 94 as establishing the correct venue here is well taken. It is settled that this section is mandatory in character and also provides the *exclusive* venue for suits against a national bank. *See Radzanower v. Touche Ross & Co., supra*, 426 U.S. at 152, 96 S.Ct. at 1992; *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1339 (9th Cir. 1976). Clearly then, Section 94 of the National Bank Act will prevail over its counterpart in bankruptcy matters, enacted as part of the Bankruptcy Reform Act of 1978. *See* Pub. L.No. 95–598, 92 Stat. 2549. This is so because the general venue requirements of Section 1473 function similarly to the basic venue provision found in the Securities Exchange Act of 1934, which was considered by the Court in *Radzanower*. Although the two statutes prescribe different venues, they are both general venue sections. *Compare* 15 U.S.C. § 78aa *with* 28 U.S.C. § 1473. With respect to this particular issue then, the result here should be no different than that in *Radzanower*. *See Radzanower v. Touche Ross & Co., supra*, 426 U.S. at 152, 96 S.Ct. at 1992.[3]

This does not end the Court's inquiry, however, as the venue question presented here is not answered simply by reference to Section 94. The competing venue provisions governing bankruptcy matters must also be considered, and in this regard, counsel for the Bank has overlooked some key distinctions.

### B. *Alternatives Where Venue is Improper*

■ Unquestionably, original venue in this district is improper given the impact of Section 94. That does not mean, though, that the action can be dismissed under Rule 12 of the Federal Rules of Civil Procedure, or transferred under 28 U.S.C. § 1475. To begin with, this Court has no power to dismiss a case for improper venue, as that alternative has been removed from the controlling venue provisions. *See* 28 U.S.C.

---

**2.** The Court notes in passing that had the debtor framed his response to the Bank's conduct in terms of an action for contempt for violation of the automatic stay, *see* 11 U.S.C. § 362, venue would not be at issue here. The power of this Court to punish contemptuous disregard of its own orders is well settled. *See* 2 *Collier on Bankruptcy* ¶ 105.03 (15th ed.) ("*Collier*").

**3.** The debtor's reliance on the "in rem exception" to Section 94, moreover, is misplaced as we are not dealing with a purely "local" action involving a real estate transaction, or the like.

§§ 1475, 1477. *See also* 1 *Collier, supra,* ¶ 3.02[6][d] at 3–216.

Secondly, the Bank's reliance on 28 U.S.C. § 1475 as the sole basis for the treatment of improperly filed proceedings is incorrect. Section 1475 deals with a *transfer* of venue which is proper or improper in the first instance. *See e. g., In re Macon Uplands Venture,* 2 B.R. 444, 445, 5 B.C.D. 1279, 1280 (Md.1980). Although Section 1475 deals with proper *and* improper venue, a transfer of this proceeding to another venue is not the Court's *only* option. For Section 1477 presents an additional alternative for the Court where venue is originally improper, namely, that of retaining the proceeding despite its venue defect. Section 1477 reads in part:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

28 U.S.C. § 1477(a). The features of this provision are apparently unique. Under the former Bankruptcy Act, Section 32b provided for the transfer of *cases* laid in the wrong venue. *See* Bankruptcy Act § 32b. This section was superseded by Bankruptcy Rule 116. The question of whether *proceedings* should be transferred was also addressed in Bankruptcy Rule 782.

Bankruptcy Rule 116(b)(2) allowed the court to dismiss, retain or transfer a *case* with improper venue where it was necessary to protect the interests of justice and convenience of the parties. *See* Bankruptcy Rule 116(b)(2). Rule 782, on the other hand, dealt with adversary *proceedings*, but provided for transfer only. *See* Bankruptcy Rule 782. In contrast, 28 U.S.C. § 1477 is a hybrid of these prior provisions. It deals

with cases *and* proceedings, provides for the cure of improper venue by retention of the case, but removes the power of dismissal from the court's options.[4]

The House Report gives no indication as to why Section 1477 provides for the retention of a case with improper venue. *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 447 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 (*"House Report"*). Nor does the Advisory Committee Note for Bankruptcy Rule 116(b)(2) provide any guidance, although it too has a retention provision. *See* Bankruptcy Rule 116(b)(2) (Advisory Committee Note). Clearly though, the retention of a case or proceeding with improper venue, rather than its transfer, has the effect of promoting a dominant theme of the Code. That is, it may well allow the beleaguered debtor his only real chance at achieving a "fresh start" in life, *see House Report, supra,* at 125, as it alleviates the problems and costs attendant to a transfer of venue to a distant locale. There can be little doubt then, that the retention provision of Section 1477 was designed to be used in cases such as the one present here. That is, where a debtor with very limited financial resources challenges a well funded adversary such as the Bank, and whose only alternative to proceeding in the incorrect venue would be to abandon his efforts entirely.

## 1. *The Convenience of the Parties and the Interest of Justice*

■ What will constitute "convenience of the parties" under Section 1477 is basically a factual question. Where a proceeding is to be transferred or retained the Court should consider: (i) the relative ease of access to sources of proof; (ii) the availability and cost of obtaining witnesses; (iii) the enforceability of any judgment to be obtained; (iv) the probability of a fair trial;

---

**4.** Section 1477 also differs from Section 1406 of the Judicial Code, which deals with the transfer or dismissal of a case in the district court having improper venue. *See* 28 U.S.C. § 1406(a). Section 1406 does not allow for the cure of a venue defect by retention of the case.

Additionally, the venue provision considered by the Court in *Radzanower* (Securities Exchange Act of 1934) did not allow retention of a case with improper venue either. *See* 15 U.S.C. § 78aa.

(v) whether the action should be tried in a local forum; and (vi) the forum whose law will govern decision of the case. *See In re Macon Uplands Venture, supra,* 2 B.R. at 446, 5 B.C.D. at 1281.[5]

■ The contours of the phrase, "interest of justice", on the other hand, should not be rigidly formulated, given the varied fact situations to which Section 1477 may be applied. With this consideration in mind the Court will look, as in many other instances, to the particular facts and equitable considerations present in the case, *see e. g., In re Anchortank, Inc., supra,* 3 B.R. at 74, as well as the larger goals of the Code. *See generally Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1973).

■ With regard to the burden of proof here, the cases and commentators are not in total agreement. *Compare In re Macon Uplands Venture, supra,* 2 B.R. at 446, 5 B.C.D. at 1281; 1 *Collier, supra,* ¶ 3.02[4][b] at 3–201 (burden on movant), *with, Matter of Louis Marx & Co., Inc., supra,* 6 B.C.D. at 301 (when venue shown improper, burden shifts to non-movant). The Court, though, believes that the rule announced in the *Louis Marx* decision is the preferable one in this context. Accordingly, the debtor has been obliged to show why this proceeding should be transferred or retained once the Bank demonstrated that original venue was improper. In the final analysis, however, the question of whether venue should be transferred or retained turns on the exercise of this Court's discretion. *See Matter of Louis Marx Co., Inc., supra,* 6 B.C.D. at 301.

### 2. *Application of the Standards*

■ The Court must initially consider the ease of access to sources of proof. This factor is of limited importance in this action, as the case does not involve any extensive or complicated evidentiary questions. Few bank records are needed here, and those that are necessary are probably already in the parties' possession. In any event, presumably all evidence regarding the crucial occurrence here, the seizure of the debtor's automobile, would be found in this district. Given these factors, there is no reason to believe that any difficulties regarding potential evidence will arise if the case is tried here.

With respect to the availability of witnesses, there has been no showing that any witness would be unavailable if the case were retained in this district, even though Bank employees may be required to testify. The remaining criteria are of limited impact also. Nothing presented to the Court suggests that a judgment obtained in this Court would not be enforceable against the Bank, or, that the action could not be fairly tried in this district. Additionally, the Court's interest in adjudicating this matter in this district, where the debtor's Chapter 7 case is being administered, is apparent given the debtor's desire to file and reside here, instead of Indiana. And finally, to a large extent this case involves the application of federal bankruptcy law. That being the case, state law principles would at best have only a tangential impact on resolution of the issues presented. All things considered then, it would not seem unduly inconvenient to the parties to have this action tried in the Southern District of California.

The second question here is whether the interests of justice will be served by requiring the debtor to bring his action in Indiana, or in this district. Repeatedly, the Bank has stated that justice will be served by transferring the case in that the Bank is

---

5. The standards developed for transferring a proceeding under Section 1475 and Bankruptcy Rule 782 would also be relevant here. *See* 1 *Collier, supra,* ¶ 3.02[6][e]. The case law to date, however, has generally involved the different considerations involved in the transfer of *cases. See Matter of Louis Marx & Co., Inc.,* 6 B.C.D. 300, 301 (S.N.Y.1980); *Matter of Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979) (Bankruptcy Rule 116(b)); *Matter of Maidman,* 2 B.R. 569, 582, 5 B.C.D. 1334, 1338 (S.N.Y.1980) (Bankruptcy Rule 116(b)). *See also In re Anchortank, Inc.,* 3 B.R. 72, 73 (S.N.Y.1980) (Bankruptcy Rule 782).

willing to litigate any of the debtor's contentions—but only in Indiana. The Bank's position, however, offers little consolation for the debtor. The plain fact of the matter is that forcing an aggrieved debtor to litigate his action in a distant forum effectively denies him a chance to protect himself from besieging creditors. For there is no realistic possibility of the debtor suing the Bank in Indiana as he is simply without the finances to do so.

The Bank, however, has actively pursued the debtor to this district, and is financially quite capable of undertaking the defense of this action. This seems especially clear given the lengths to which the Bank has gone to repossess the debtor's automobile, and bring the instant motion through local counsel. In light of these factors, the Court has concluded that the interests of justice will be served only if the Court retains venue in this case.

## IV

## CONCLUSION

The Court has concluded that while original venue was improper in the Southern District of California, the Court will retain venue nonetheless, given the interests of justice and the convenience of the parties. Therefore, the Bank's motion is denied in its entirety.

Counsel for the debtor will prepare an appropriate order within ten (10) days of the filing of this opinion.