In re ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away, Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Ltd., Arctic Lund, Inc., Debtors.

ARCTIC ENTERPRISES, INC., Arctic Industries, Inc., Scorpion Industries, Inc., The Get Away, Inc., Arctic Marine, Inc., Arctic Marine Products, Inc., Arctic Recreational Products, Inc., Arctic Sports Products, Ltd., and Arctic Lund, Inc., Plaintiffs,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Continental Illinois National Bank & Trust Company of Chicago, Continental Illinois National Bank & Trust Company of Chicago, as agent, Manufacturers Hanover Trust Company, Seattle First National Bank, Omaha National Bank, The First National Bank of St. Paul, Defendants.

Bankruptcy No. 3–81–280.
Adv. No. 81–41.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 28, 1981.

Dale I. Larson of Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for defendants.

Robert V. Atmore and Steven J. Johnson of Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

## MEMORANDUM ORDER ON VENUE

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for hearing before the Honorable Jacob Dim on

April 13, 1981 on the motion of three defendants, Continental Illinois Bank & Trust Company of Chicago, Seattle First National Bank and Omaha National Bank (the movants). The motion sought the transfer of the plaintiff's action against each of the movants to the United States district court for the district where each movant was located. The motion was the first pleading filed by the movants and the question of venue was properly placed before the Court. Briefs were submitted by both movants and plaintiffs.

Plaintiffs voluntarily filed a Chapter 11 petition under Title 11 on February 17, 1981. Plaintiffs are manufacturers of recreational products including snowmobiles, boats and related accessories. Defendants are holders of a secured claim against all the assets of the plaintiffs. In the past, the defendants provided financing for plaintiffs' operations. Plaintiffs owed to the defendants approximately $48,000,000.00.

Plaintiffs filed the instant complaint against the defendants for breach of contract. The prayer for relief asks for judgment against the defendants in excess of $150,000,000.00.

The movants are national banking associations under Title 12 of the United States Code. None of the movants maintains any branch facilities in Minnesota. Continental Illinois National Bank & Trust Company of Chicago, which served as agent for the other lenders, is located in Illinois. Seattle First National Bank is located in Washington. Omaha National Bank is located in Nebraska. One other defendant, The First National Bank of St. Paul, is also a national banking association with its primary office in Minnesota.

The movants assert that venue in cases brought against national banking associations is governed by 12 U.S.C. § 94. Under that section, they state, venue properly resides only in the district in which the national banking association is located.

The plaintiffs argue that 28 U.S.C. § 1473(a) governs cases brought in bankruptcy court. If, however, the movants are correct, the plaintiffs ask that this Court retain the case under 28 U.S.C. § 1477.

12 U.S.C. § 94 reads:

"Actions and proceedings against any [national banking] association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

In *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976), the United States Supreme Court considered § 94. In that case, § 94 was held by the Court to prevail over the venue provision under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The Court noted that § 94 had been held to be mandatory and exclusive. *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). The venue provision of § 27 was general and allowed suit in the district where the defendant does business or can be found or where the Securities Exchange Act was violated.

The Court, in determining the primacy of the venue provisions, said there was no repeal by implication unless the two acts were in irreconcilable conflict or the latter act covered the whole subject of the earlier one. If either of these categories had existed, the latter would control.

28 U.S.C. § 1473(a) states:

" . . . [A] proceeding arising in or related to a case under Title 11 may be commenced in the bankruptcy court in which such case is pending."

It allows suits, such as the present action by plaintiffs, to be venued in the court where the debtor's case is pending.

Applying the rationale of *Radzanower*, supra to determine the applicability of § 94 venue to this action, the court must determine whether § 1473(a) repeals by implication § 94. As set forth in *Radzanower*, supra, this occurs only if § 1473(a) is in irreconcilable conflict with or it was intended to replace § 94.

It is obvious that § 1473(a) was not intended to replace § 94. The two statutes deal with completely different areas of the law. It is only in a small number of cases that the two statutes overlap each other.

Nor is § 1473(a) in irreconcilable conflict with § 94. § 1473(a) is a permissive venue provision allowing for venue in the bankruptcy court but not requiring it. The debtor may bring the action in the district where venue would lie outside of § 1473(a).

■ Therefore, the venue for these proceedings against movants is governed by 12 U.S.C. § 94 rather than by 28 U.S.C. § 1473(a) under *Radzanower*, supra, the cases discussed therein. Venue is proper in this district only if allowed by 94.

■ This proceeding does not fit within the "in rem" actions exception judicially determined to exist in § 94 for "local" actions. An action for misrepresentation and breach of contract as put forth in the complaint is transitory in nature under both state and federal law. See, e. g., *Terry Apartments v. Associated-East Mortgage Company*, Del.Ch., 373 A.2d 585 (1977).

Venue, based on the foregoing, is improperly laid in the District of Minnesota as to the movants. The movants have requested the transfer of the proceeding against each to their respective Districts. This is not the only alternative available. This Court may retain the action under 28 U.S.C. § 1477(a).

28 U.S.C. § 1477(a) had no counterpart in the Bankruptcy Act of 1898, as amended, or the Bankruptcy Rule 782 which governed improper venue in proceedings arising under or related to a bankruptcy case. The sole remedy provided under Rule 782 was transfer.

§ 1477(a), however, provides:

"The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division."

*In re Malone*, 5 B.R. 658, 6 B.C.D. 835, 2 C.B.C.2d 1065 (Bkrtcy.S.D.Cal.1980) is the only case which has determined a venue question in relation to § 94 and § 1477(a). The well reasoned decision in that case said:

"[T]he retention of a case or proceeding with improper venue, rather than its transfer, has the effect of promoting a dominant theme of the Code. That is, it may well allow the beleaguered debtor his only real chance at achieving a "fresh start" in life, see House Report, supra, [H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 447 (1977)] at 125, as it alleviates the problems and costs attendant to a transfer of venue to a distant locale." 5 B.R. 658, 2 C.B.C.2d at 1069.

*Malone*, supra, dealt with a suit by an individual debtor residing in California against a national bank located in Indiana. The suit sought a turnover of a car which the bank had repossessed after the filing of the bankruptcy petition by debtor. While the factual context of *Malone* is quite different from the instant proceeding, the reasoning of that case applies with equal force in this proceeding.

§ 1477(a) allows the bankruptcy court to retain a case despite the improper venue. Congress was concerned that the estate of the debtor might be diminished by or incapable of funding an action in another district. This grant of power by Congress is unique to bankruptcy law. See, e. g., 28 U.S.C. § 1406.

■ The language of § 1477(a) requires that this Court consider and balance the equities in retaining or transferring this adversary proceeding. § 1477(a) is clear and unambiguous. There can be no doubt raised from the legislative history that Congress intended the bankruptcy court determine whether to retain or transfer a proceeding in cases such as this.

■ The only time § 1477(a) comes into play is when another venue provision takes precedence over the venue provision of § 1473. Only a federal statute which provides for mandatory and exclusive venue for a cause of action can take precedence

over § 1473. Thus, it is only in suits such as those involving 12 U.S.C. § 94 that § 1477(a) can have meaning.

■ § 1477(a) requires the bankruptcy court to determine whether the interests of justice and the convenience of the parties direct the court to retain or transfer the proceeding. This test is a balancing question in which the court must consider all factors affecting the expeditious conduct of the proceedings and the availability and convenience of parties, witnesses and evidence.

In *Malone,* supra, 5 B.R. 658, 2 C.B.C.2d at 1069, the court divides the consideration into two areas. Under the concept of "convenience of the parties", the court includes: the relative ease of access to sources of proof; the availability and cost of obtaining witnesses; the enforceability of judgment; the probability of fair trial; the desirability of a local forum; and, the law which will govern. The "interests of justice" requires an examination of the particular facts and equitable considerations as set against the background of the Bankruptcy Code.

The movants have requested that the cause of action against each movant be transferred to the district of each movant. If the Court were to grant this request, it would necessitate four separate trials. The movants correctly point out that the discovery and pre-trial proceedings could be consolidated under the multidistrict litigation rules, 28 U.S.C. § 1407. It would still be necessary to have four trials in four different districts: Minnesota, Illinois, Nebraska and Washington. This would compound the work load on the bankruptcy court and result in multiplication of cost and effort since the same issues and evidence would be presented in each trial.

In regard to the access to sources of proof, there are two major repositories for information. The first is in this district at the offices of the debtor. The second location is the offices of the agent, Continental Illinois National Bank & Trust Company of Chicago in Chicago, Illinois. Some, if not all, of the documents involved may be found in the records of another defendant located in this district, First National Bank of St. Paul.

It should be noted that the defendants are all involved as party-defendants in another adversary proceeding presently being conducted in this Court. Defendants have counsel in this district and have had no problem securing access to the records or witnesses of the defendants of which the court is aware. Given the availability of rapid transport, the defendants have presented no arguments on the unavailability or burdensomeness of trial in this district. This is more evident when considering the fact that all evidence and witnesses would have to be transported to four separate locations for each trial.

The convenience of the parties would best be served by retaining the trial of this proceeding in this district. One trial for all parties in one location is possible only in this Court.

Four separate trials raises additional problems in the second test of the "interest of justice". Four trials could result in inconsistent verdicts to the prejudice of all parties.

In addition, four trials may be impossible. If four trials are necessary it may be that none of the courts will have jurisdiction over all of the necessary and indispensible parties. Plaintiffs allege that the defendants, including the movants, were engaged in a joint enterprise. If all parties can't be joined no lawsuit on these issues may be possible. As a court of equity this Court cannot allow such a result when it is within the power of the court to retain the case and adjudicate the rights of all parties.

■ Considering the totality of the factors involved in this adversary proceeding leads inevitably to the conclusion that it would best serve the interest of justice and the convenience of all parties if only one trial was held. Since this Court, under § 1477(a), is the only court where such a trial is possible, retention advances the purpose and spirit of the Bankruptcy Code and 28 U.S.C. § 1477(a). Therefore, although venue is improperly laid in this district as to

movants under 12 U.S.C. § 94 and the decision in *Radzanower*, supra, the entire proceeding will be retained by this Court under 28 U.S.C. § 1477(a).

ACCORDINGLY, IT IS ORDERED that the motions of Continental Illinois National Bank & Trust Company of Chicago, individually and as agent; Seattle First National Bank; and, Omaha National Bank to transfer the proceeding against them to their respective districts on the basis of improper venue is denied. All pleadings by the defendants shall be served and filed with this Court no later than May 29, 1981. A pretrial conference is scheduled for June 22, 1981 at 3:30 p. m.