In re James Paul NEESE, Sr., Debtor.

George A. McLEAN, Jr., Trustee,
Plaintiff,

v.

The FIRST NATIONAL BANK OF GRAYSON, KENTUCKY and Grayson Motor Sales, Inc., d/b/a Southern Diesel and Equipment Company, Defendants.

Bankruptcy No. 7–80–00996.
Adv. No. 7–80–0269.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Aug. 31, 1981.

David B. Hart, Roanoke, Va., for plaintiff.

Evans B. Jessee, Roanoke, Va., and W. Henderson Dysard, Ashland, Ky., for defendants.

George A. McLean, Jr., Roanoke, Va., trustee.

## OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue presently before the Court requires a resolution of motions to dismiss and transfer from this Court.

This adversary proceeding was instituted by the Trustee for the Debtor, James Paul Neese, Sr. (Neese), to disallow claims of the Defendants, First National Bank of Grayson, Kentucky (Bank) and Grayson Motor Sales, Inc., d/b/a Southern Diesel and Equipment Company (Southern), on the grounds of fraud and breach of contract. The Defendants moved this Court to dismiss the action for lack of both personal and subject matter jurisdiction. Defendants subsequently filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer the case from this Court to the United States District Court for the Eastern District of Kentucky. The Defendant Bank filed a separate motion to dismiss for lack of proper venue under 12 U.S.C. § 94 (venue provision for National Banking Associations).

The issues presented by Defendants' motions are best understood by reference to

the parties' relationships prior to this adversary proceeding. In May, 1978, the Debtor Neese and his wife and son endorsed, as guarantors, a contract to purchase mining equipment from Defendant Southern for Viking Coal, Inc. (Viking), a Virginia corporation of which they were officers. Defendant Bank financed the sale and retained a security interest in the equipment. Defendants are residents of Kentucky and the agreement, executed in Kentucky, provided for application of Kentucky law. In August, 1978, Viking and the Neeses filed suit against both Defendants in federal court in the Eastern District of Kentucky alleging that the equipment was faulty and praying for damages in excess of $7 million.

In April, 1980, the Defendants and the Neeses executed a settlement agreement and the Eastern District of Kentucky, by order entered July 15, 1980, dismissed the case with prejudice, referring to their settlement agreement. The order provided that the action "may be reinstated . . . for the purpose of enforcing [the] Agreement . . . ." It is an alleged breach of the settlement agreement that is the basis for this adversary proceeding brought by the Debtor's Trustee. Before trying the issues raised by the Trustee's complaint, however, this Court must decide the issues generated by that settlement agreement and the order of the federal court for the Eastern District of Kentucky, and presented here by the Defendants' motions to dismiss and to transfer.

■ Both parties defendant move to dismiss the proceeding claiming first that this court lacks jurisdiction over the subject matter. Section 241(a) of the Bankruptcy Reform Act of 1978 (the Code) added a new chapter 90 to title 28 of the U.S. Code. Under the Code, bankruptcy courts have original but not exclusive jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(b), (c). This is a very broad grant of jurisdiction to the bankruptcy courts, and it is made notwithstanding any other Act conveying exclusive jurisdiction on another court. *Id.* at § 1471(b). Proceedings arising under title 11 include objections to claims under § 502(a) of the Code. 1 *Collier on Bankruptcy* ¶ 3.01[d][ii] at 3–41 (15th ed. 1980); *see H.R. Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.* This proceeding is in effect an objection by the Trustee to a claim filed in a Chapter 7 case under title 11 of the U.S. Code.

■ The fact that the Eastern District of Kentucky had jurisdiction over the action giving rise to the settlement agreement does not divest this Court of jurisdiction over the Trustee's objection to a claim based on that agreement and the consequences thereof. Jurisdiction in the Eastern District of Kentucky over the action that was dismissed there will sustain jurisdiction in that court over an ancillary suit to enforce that judgment. *Dugas v. American Surety Co.,* 300 U.S. 414, 428, 57 S.Ct. 515, 521, 81 L.Ed. 720 (1937). The action before this Court, however, is not one to enforce the Kentucky judgment, it is an action to avoid a claim against the Debtor. The settlement agreement reached in the Kentucky case is offered as a basis for the Trustee's objection. This Court properly has jurisdiction over the subject matter.

■ The defendants also challenge this court's personal jurisdiction in this case. Even under the restrictive statutory provision of the Bankruptcy Act of 1898 (the Act) concerning this Court's jurisdiction, a creditor who filed a claim in a proceeding submitted to the jurisdiction of the court. *Alexander v. Hillman,* 296 U.S. 222, 241, 56 S.Ct. 204, 210, 80 L.Ed. 192 (1935). Section 1471(b), added to title 28 by the Bankruptcy Code, significantly broadens the former law. The idea of possession or consent as the sole basis for jurisdiction is eliminated under the Code. Bankruptcy courts have in personam as well as in rem jurisdiction "to handle everything that arises in a bankruptcy case." *H.R. Rep. No. 595, 95th*

Cong., 1st Sess. 445 (1977), U.S. Code Cong. & Admin. News 1978, p. 6400.

In this proceeding, defendants voluntarily availed themselves of the jurisdiction of this Court when they filed, by counsel, proofs of claim in the underlying title 11 bankruptcy case. Those proofs were filed on October 27, 1980. The Bank filed a claim as a secured creditor relying on the 1980 settlement agreement. Southern filed its claim as a secured creditor relying on the note endorsed by the Debtor that was the basis for the civil action in the Eastern District of Kentucky. Having filed their proofs of claim in the underlying bankruptcy case, the defendants cannot now deny this Court's personal jurisdiction over them in a proceeding directly related to that case.

■ In its separate motion to dismiss, the Bank alleges lack of proper venue in this Court. The Bank relies on the venue provision of the National Bank Act, 12 U.S.C. § 94.[1] Section 94 provides mandatory and exclusive venue for suits against national banking associations in the district in which the bank is established or located. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 152, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976).

■ The venue statutes under the Bankruptcy Code are general statutes. *See* 28 U.S.C. §§ 1472–1477. When Congress deals with a particular venue problem, the broader language of general venue statutes will not overcome the provisions of a particular venue statute. *Tanglewood Mall, Inc. v. Chase Manhattan Bank*, 371 F.Supp. 722, 725 (W.D.Va.1974). In construing two conflicting statutes, a later statute is not presumed to repeal an earlier one, unless the two statutes were in irreconcilable conflict or the later act covered the whole subject of the earlier one. *Arctic Enterprises, Inc. v. Prudential Insurance Company of America*,

10 B.R. 746, 4 C.B.C.2d 507, 509 (Bkrtcy.D. Minn.1981). Repeal by implication is not favored. *Id.* There is no indication that Congress intended the general venue provisions of the Bankruptcy Code to overrule § 94 of title 12. *Id.; Dick & Co., Inc. v. First Nat'l Bank of Chicago*, 8 B.R. 358, 361 (Bkrtcy.N.D.Ind.1980). In this action against the Bank, venue is improper in this Court.

■ Improper venue, however, does not compel this Court to dismiss the action as against the Bank. When some other statute takes precedence over § 1473, then § 1477(a) comes into play. *Arctic Enterprises, Inc. v. Prudential Insurance Company of America*, 10 B.R. 746, 4 C.B.C.2d at 510–11. Under § 1477(a), the bankruptcy court may retain a case even if venue is improper. *See* 28 U.S.C. § 1477(a). Although the reasons are not spelled out in congressional reports, the court's option to retain an improperly laid case is consistent with the theme in the Code of giving the debtor a fresh start. Retaining the proceeding in the court in which it is filed may afford the debtor his only chance for redress. *Malone v. American Fletcher Nat'l Bank*, 5 B.R. 658, 662 (Bkrtcy.S.D.Cal.1980). The expense of transferring the case may preclude the trustee or debtor's pursuit of a valid action. *Id.*

Furthermore, if a court decides to transfer a proceeding under § 1477(a), it is constrained to transfer according to the terms of § 1475. 28 U.S.C. § 1477(a). According to § 1475, a bankruptcy court may transfer a proceeding "to a bankruptcy court for another district." 28 U.S.C. § 1475; *see Dick & Co., Inc. v. First National Bank of Chicago*, 8 B.R. 358, 363 (Bkrtcy.N.D.Ind. 1980). Therefore, if this Court were to decide to transfer this proceeding, the proceeding would be transferred not to the District Court as the Bank requests, but to

---

1. Section 94 provides:

"Suits, actions, and proceedings against any association under this title may be had in any district, or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

the Bankruptcy Court for the Eastern District of Kentucky.

■ A decision to retain a case or proceeding is in the sound exercise of the court's discretion. *In re Louis Marx & Co., Inc.,* 6 B.C.D. 300 at 301 (S.D.N.Y.1980). Section 1477(a) requires that the bankruptcy court in making that decision, weigh the interests of justice and the convenience of parties. 28 U.S.C. § 1477(a). Determining the interests of justice and the convenience of parties requires an inquiry into the facts. *In re Louis Marx & Co., Inc.,* 6 B.C.D. at 301; *In re Macon Uplands Venture,* 2 B.R. 444, 445 (Bkrtcy.D.Md.1980).

The factors to be considered by the court include:

1) the probability of economical and efficient administration of the Debtor's estate.

2) the proximity of witnesses, business books and records;

3) the proximity of most creditors, in both number and amount; and

4) the location of the Debtor and the Debtor's tangible and intangible assets.

*See In re Louis Marx & Co., Inc.,* 6 B.C.D. at 301; *In re Macon Uplands Venture,* 2 B.R. at 445. Determining the "convenience of the parties" includes a consideration of:

1) the availability and cost of obtaining witnesses and other sources of proof, and the availability of compulsory process for witnesses;

2) the enforceability of a judgment by the court rendering the judgment;

3) whether the action is one that should be tried in a local forum;

4) the probability of a fair trial in a local forum; and

5) the forum whose law will govern the action.

*See Malone v. American Fletcher Nat'l Bank,* 5 B.R. 658, 661–62 (Bkrtcy.S.D.Cal. 1980).

■ In this proceeding, the Debtor, a resident of Salem, Virginia, is before this Court by virtue of the petition filed on September 8, 1980, and is indisputably within the reach of this Court. By virtue of his bankruptcy petition filed in this Court, the disposition and administration of his estate is proceeding under the supervision of this Court. Creditors in the bankruptcy case are located in this district, as well as in eastern Tennessee and eastern Kentucky. The creditors involved in this proceeding executed the agreement that is the basis of the Trustee's objection in an office located in the City of Roanoke a matter of blocks from this Courtroom. Records concerning the disputed agreement are in this district. Witnesses not available to this district may be examined by deposition, if necessary, as is true in all cases. The Debtor's estate can be most efficiently administered by retaining the action in this Court. Furthermore, a judgment in this action in favor of either party, will be enforced by this Court in its oversight of the activities of the Debtor's Trustee.

For the foregoing reasons, the motion of the Defendants and the separate motion of the Bank, are hereby

ORDERED

denied, and the action shall proceed in this Court.