**In re Dr. Rene F. RODRIGUEZ, Debtor,**

**John PEREIRA, as Trustee of the Estate of Dr. Rene F. Rodriguez, Plaintiff,**

v.

**NEW JERSEY BANK, N.A., Defendant.**

**Bankruptcy No. 181–12566–260.
Adv. No. 182–0362–260.**

United States Bankruptcy Court,
E.D. New York.

May 6, 1983.

Natter & Natter, New York City, for defendant.

John Pereira, New York City, Trustee.

DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

The trustee of the debtor's estate, commenced an adversary proceeding in this

court pursuant to Rule 701 of the Rules of Bankruptcy Procedure, to recover transfers of property made by the debtor to the defendant, New Jersey Bank, N.A., in alleged violation of §§ 547 and 553 of the Bankruptcy Code. The defendant, a national banking association, has made a motion to dismiss the trustee's complaint for lack of jurisdiction for failing to comply with 12 U.S.C. § 94, the venue statute of the National Bank Act. In the event it is found that jurisdiction does lie with this court, the defendant has moved, in the alternative, pursuant to 28 U.S.C. § 1477(a), for a change of venue to the Bankruptcy Court for the District of New Jersey.

# I

## FACTS

The debtor, Dr. Rene Rodriguez, is a New York domiciliary. His voluntary Chapter 7 petition in bankruptcy was filed on August 12, 1981 in the Bankruptcy Court for the Eastern District of New York. By this adversary proceeding, the trustee-plaintiff seeks to recover from the defendant certain payments allegedly made to it by the debtor after 90 days before the filing of the debtor's petition.[1] If the trustee is successful the defendant will join sixteen other unsecured creditors, all of whom reside in the City and State of New York.

As a national banking association chartered under the bankruptcy laws of the United States, the defendant argues that venue for this proceeding cannot lie in this district. It depends for its authority on § 94 of the National Bank Act and cites that statute as follows:

> Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or state in which said association is located having jurisdiction in similar cases.

1. The Trustee seeks recovery of the payments under two separate but not necessarily exclusive sections of the Bankruptcy Code. First, he alleges that preferential payments were made

Since the defendant was established and is located solely in the State of New Jersey it contends that this court lacks the jurisdiction necessary to proceed with this matter.

# II

## ISSUES

A. Does 12 U.S.C. § 94, the venue statute of the National Bank Act, prohibit venue for the within proceeding from lying in this district?

B. If 12 U.S.C. § 94 is not a bar to venue in this district, should the within proceeding nevertheless be transferred to the District of New Jersey?

# III

## DISCUSSION AND CONCLUSIONS

### A. *Venue Under 12 U.S.C. § 94*

The defendant's reliance on 12 U.S.C. § 94 as cited is improper. That statute was recently amended so as to eliminate the aforementioned jurisdictional obstacle. As amended, 12 U.S.C. § 94 now reads:

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which the association's principal place of business is located, or, in the event any State, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located. *As amended Oct. 15, 1982, Pub.L. 97–320, Title IV § 406, 96 Stat. 1512, amended Jan. 12, 1983, Pub.L. 97–457, § 20(a), 96 Stat. 2509.*

to the defendant in violation of 11 U.S.C. § 547. Second, the trustee has invoked the authority of 11 U.S.C. § 553 to avoid the alleged transfer as an invalid setoff.

Because the defendant is neither closed nor in FDIC receivership, venue may lie in this jurisdiction. All prior cases interpreting 12 U.S.C. § 94 under the Code upon which the parties rely are for the most part no longer applicable.[2] Furthermore, although the amended section refers to a "State, county, or municipal court, as having jurisdiction, it is the opinion of this court that federal courts were intended to be included within the jurisdictional arm, as appears from the comments relating to the legislative history of the amendment wherein it is stated:

> The bill repeals the existing special venue provisions for national banks except in cases involving a closed bank of FDIC receivership. In other cases, judicial venue will lie in the appropriate *federal,* state or local court, as determined by other general venue statutes. (emphasis added).
>
> The special venue provision was originally intended to prevent inconvenience and the interruption of business that might occur if centrally located bank records were sent to district courts. Technological developments have now surpassed the justification for the old law. The likelihood of disruption to a bank is now no greater than to any other corporation, while the burden imposed on plaintiffs by the special venue law may be substantial. *1982 U.S.Code Cong. and Adm.News, p. 3082.*

■ By reason of the fact that the foregoing amendment was effective on January 12, 1983, the debtor's petition for relief was filed on August 12, 1981, and the within adversary proceeding was commenced in July of 1982, the amended section governs the determination of the place of venue which in this case was properly had in the United States Court for the Eastern District of New York. Our application of the amended law, rather than the law in existence at the time the petition was filed or the time the adversary proceeding was commenced, is in accord with the general principle that a bankruptcy court should apply the law in effect at the time it renders its decision. *In re Spell,* 650 F.2d 375, 377 (2d Cir.1981); *In re Carter,* 35 F.2d 186, 188 (2d Cir.1929).

### B. *Venue Under the Bankruptcy Code*

The venue problem of 12 U.S.C. § 94 having been eliminated we can now turn our attention to venue requirements and considerations under the Code in order to determine whether they permit this proceeding to be retained in this jurisdiction or mandate that it be dismissed or transferred.

The venue provisions of the Bankruptcy Code are found in pertinent part in 28 U.S.C. § 1473 which reads:

> 28 U.S.C. § 1473. enue of proceeding arising under or related to cases under title 11.
>
> (a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.
>
> \* \* \* \* \* \*
>
> (c) Except as provided in section (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal Court sits in which, under applicable nonbankruptcy venue

**2.** In the pre-Bankruptcy Code era Judge Babitt in *In re Associated Transport, Inc.,* 5 B.C.D. 580 (Bkrtcy.S.D.N.Y.1979), ruled that 12 U.S.C. § 94, as then written, was mandatory and that there existed no authority under the Bankruptcy Act or the Rules for circumventing that mandate and that the court lacked even the power to transfer venue. *See, In re Valley Fair Corp.,* 18 C.B.C. 496, 502–503 (Bkrtcy.S.D.N.Y. 1978). The enactment of the Bankruptcy Reform Act altered that situation. Bankruptcy courts were held to have the power pursuant to 28 U.S.C. § 1477 to retain jurisdiction in a case involving a national banking association even when venue was improper or in the alternative to transfer venue in the interests of justice, or for the convenience of the parties. *See, In re Neese,* 12 B.R. 968 (Bkrtcy.W.D.Va.1981); *In re Arctic Enterprises, Inc.,* 10 B.R. 746 (Bkrtcy.D. Minn.1981); *In re Malone,* 5 B.R. 658 (Bkrtcy.S. D.Cal.1980).

provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

■ The within proceeding is one to recover an alleged transfer of property made in violation of 11 U.S.C. § 547 and 11 U.S.C. § 553. Since such a proceeding arises in a case under Title 11, venue is accordingly governed here by the provisions of paragraph (a) of the above statute. Therefore, it was proper for the trustee to have commenced the proceeding in this jurisdiction since it is here that the bankruptcy case is already pending. Having made this determination we are not, however, rigidly bound by that finding. The possibility of a transfer of otherwise proper venue is provided for by 28 U.S.C. § 1475 which states: [3]

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district in the interest of justice and for the convenience of the parties.

Section 1475 indicates bankruptcy courts may examine such factors as the convenience of the parties and the interest of justice when faced with venue problems. These are essentially factual questions. Bankruptcy courts have examined the following factors when considering the convenience of the parties:

1. The relative ease of access to sources of proof.
2. The availability and cost of obtaining witnesses.
3. The enforceability of any judgment to be obtained.
4. The possibility of a fair trial.
5. Whether the action should be tried in a local forum.
6. The forum whose law will govern the case.

*In re Macon Upland Venture,* 2 B.R. 444, 446, 5 B.C.D. 1279, 1281 (Bkrtcy.D.Md.1980). When examining the "interest of justice" the courts have adhered to a type of balancing test that takes into account the individual needs and interests of the parties as well as the purposes of the Bankruptcy Code. *See, Matter of Dick & Co.; In re Malone;* and *In re Macon Upland Venture, supra.*

In applying the language of § 1475 we conclude that both convenience and justice warrant the maintenance of this proceeding in the Eastern District of New York. Our analysis of the considered factors is as follows.

The Eastern District of New York and the District of New Jersey are contiguous. Their respective courthouses are separated by a comparatively short distance, certainly no more than one hour of driving time and probably less. Accordingly, access to sources of proof and the availability and cost of obtaining witnesses present no serious obstacle for the defendant. Likewise, there will be no serious problems enforcing any judgment that might be obtained despite defendant's arguments to the contrary. 28 U.S.C. § 1963 authorizes the registration of final judgments for the recovery of money or property in another district by the filing of a certified copy of the judgment and further provides that such judgments "shall have the same effect of a judgment of the district court where registered and may be enforced in a like manner."

The probability of a fair trial in this forum must be assumed. There is no evidence whatsoever that either party would receive biased treatment in this court.

We see no merit to the argument that this proceeding should be tried in a local forum. The Bankruptcy Court of the Dis-

---

**3.** The defendant, as earlier indicated, moved in the alternative for transfer of venue pursuant to 28 U.S.C. § 1477(a). Reliance on that statute is improper in this situation. Section 1477 is a basis for venue transfer only where original venue was defective. Because venue is proper in this case a transfer may be effected only under the authority of § 1475. *Matter of Dick & Co.,* 8 B.R. 358 (Bkrtcy.N.D.Ind.1980); *In re Malone,* 5 B.R. 658 (Bkrtcy.S.D.Cal.1980); *In re Macon Upland Venture,* 2 B.R. 444 (Bkrtcy.D. Md.1980).

trict of New Jersey is no better equipped to adjudicate this matter than this court. Indeed, they are less well equipped having no prior contact or connection with any aspect of this case. Moreover, the law which will be examined and relied on in arriving at a decision will be federal bankruptcy law. Thus, there is no special advantage to hearing this matter in the jurisdiction where the transaction took place.

The interests of justice also support a conclusion that this court should retain jurisdiction over this proceeding. As mentioned earlier, the debtor is a New York domiciliary and all of his unsecured creditors, with the potential exception of the defendant, are located in New York. From at least a practical standpoint New York was the only appropriate jurisdiction for the debtor to have filed his petition. It is true that his contacts with the defendant took place entirely in New Jersey. That, however, is not a binding factor that compels any proceeding related to or arising from that transaction to be heard in New Jersey. The court, as discussed, will consider a variety of factors. Inasmuch as all proceedings related to the debtor's position have been heard or are being heard by this court, it would seem an unnecessary duplication of effort and constitute an avoidable expenditure of time and resources if this proceeding were transferred to New Jersey. This is particularly true in light of the lack of demonstrated prejudice to the defendant by having the proceeding heard in this court and the minimal inconvenience associated with having to defend this matter in another contiguous district. If the defendant is concerned with the necessity of securing new counsel to represent them in this matter, we will entertain and give favorable consideration to a *pro hac vice* application from their present counsel to represent the defendant in this court in this proceeding.

### C. *Jurisdiction of the Bankruptcy Court Under the Emergency Rules*

Though not an issue raised by either of the parties we will now discuss this court's power to hear the within proceeding and enter a final order with respect to it. Section (d)(3)(A) of the Emergency Bankruptcy Resolution adopted by this district, *see, In re Jurisdiction of Bankruptcy Courts,* (E.D. N.Y. December 21, 1982), in response to the jurisdictional dilemma resulting from the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), terms proceedings of the within nature nonrelated and therefore subject to the entry of a final order by a bankruptcy judge. This rule has been deemed constitutional in this District by Hon. Frank X. Altimari, United States District Judge, in *In re Q1 Corporation,* 28 B.R. 647 (E.D.N.Y.1983). Accordingly, this proceeding may rightfully be heard by this court and entry of an order is final.

### ORDER

Therefore, IT IS ORDERED that the defendant's motion to dismiss the trustee's complaint for lack of jurisdiction is denied.

It is further ORDERED that in the interest of justice and the convenience of the parties the motion to transfer venue from this District to the District of New Jersey is also denied.