In re LEGEND INDUSTRIES, INC., Debtor.

Marianne De ROSA, as Trustee for Legend Industries, Inc., Plaintiff,

v.

C.P.P. CORP. and Maryellen Lorton, Defendants.

Bankruptcy No. 882–82547–18.
Adv. No. 884–0320–18.

United States Bankruptcy Court, E.D. New York.

June 7, 1985.

Marianne DeRosa, Mineola, N.Y., for trustee.

Goldman, Horowitz & Cherno, Mineola, N.Y., Miller, Boyko & Bell, San Diego, Cal., for defendants.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On December 6, 1984, Marianne DeRosa (the "trustee") commenced an adversary proceeding in the Eastern District of New York to avoid, pursuant to 11 U.S.C. § 547, alleged preferential transfers made by the debtor, Legend Industries, Inc., to the defendants. One of the defendants is C.P.P. Corp., a California corporation whose principal shareholder, Philip Meisinger, is also principal shareholder and director of the debtor. The other defendant is Maryellen Lorton, a California resident and the mother-in-law of Meisinger.

The summons and complaint commencing the action against C.P.P. Corp. was served upon Meisinger. Lorton was separately served in her own name. On January 25, 1985, the defendants jointly moved for a dismissal of the trustee's action, or in the alternative for a change of venue.

## THE MOTION TO DISMISS

The defendants have asserted two grounds for the dismissal of the trustee's action.

First, relying on *In re Associated Grocers of Nebraska Cooperative, Inc.*, 46 B.R. 173, 12 B.C.D. 737 (Bankr.D.Neb. 1985), the defendants contend that under *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ("Marathon"), Congress could not constitutionally grant a bankruptcy judge subject matter jurisdiction over private disputes between nonconsenting parties. However, this circuit in *In re Kaiser*, 722 F.2d 1574 (2d Cir.1983) ("Kaiser"), when confronted by a similar argument, rejected such a narrow reading of *Marathon.* In upholding the constitutionality of the Emergency Rule promulgated post *Marathon*, but prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act, the court found that *Marathon* did not implicate a bankruptcy judge's jurisdiction to adjudicate traditional bankruptcy disputes. *Id.* at 1580. *Kaiser* was recently reaffirmed by this circuit, *In re Lafayette Radio Electronics Corp.*, 761 F.2d 84, 91 (2d Cir.1985).

■ Under the analysis employed in *Kaiser*, if a cause of action arises under a federal bankruptcy statute, a bankruptcy judge may constitutionally decide the matter. *Kaiser*, 722 F.2d at 1582. The trustee's cause of action is brought under Title 11 U.S.C. § 547 and thus arises under a federal bankruptcy statute. Accordingly, this court is constitutionally empowered to decide the matter.

In addition to the defendants' joint challenge to this court's subject matter jurisdiction over the proceeding, one of the defendants, C.P.P. Corp., contests the court's *in personam* jurisdiction. C.P.P. contends that service upon Meisinger, who although a shareholder was not an officer or director of the corporation, did not constitute proper service.

Bankruptcy Rule 7004(b) and Federal Rule of Civil Procedure 4(d), incorporated by reference, require that service upon a domestic corporation be made by serving an "officer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service of process." Alternatively, service may be in accordance with the service requirements of the state in which service is made.

■ The determination of whether an individual is a "managing or general agent" depends on a factual analysis of the individual's authority within the corporation. It is not necessary that the individual have a formal title. *Insurance Co. of No. America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545 (S.D.N.Y.1980). However, it is essential that he have sufficient authority or responsibility within the organization so as to make it reasonable to assume that "he will realize his responsibility and know what he should do with any legal papers served upon him." Wright & Miller, 4 Federal Practice 7 Procedure, ¶ 1101 at 385. A controlling shareholder is not by virtue of his stock ownership such an individual. *Gottlieb v. Sandia American Corp.*, 452 F.2d 510, 514 (3d Cir.1971), *cert. denied*, 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed. 250 (1971).

The trustee does not dispute Meisinger's assertion that he was not an officer of the corporation at the time of service. Nor has the trustee demonstrated that Meisinger was a managing or general agent or an agent authorized to receive service. Rather, the trustee contends that compliance with the service rules is not required if the corporation had actual notice of the proceedings and was not prejudiced by the lack of compliance. The trustee cites no authority for her position.

■ Although several courts have held that the service requirements of the rules should be liberally construed, *see, e.g., Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972), it is generally recognized that there are limits to the rules' flexibility. *Wright & Miller*, 4 *Federal Practice & Procedure*, ¶ 1083 at 333 (1969): "The goal of liberal construction cannot be utilized as a substitute for the plain legal requirements as to the manner in which

service of process may be had." *Id.* Knowledge of the proceedings will not cure defective service. *In re Brown,* 7 B.R. 486, 487 (Bankr.N.D.Ga.1980), *citing Kadet-Kruger & Co. v. Celanese Corp. of America,* 216 F.Supp. 249 (N.D.Ill.1963). As this circuit has held:

> [T]here must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained.

*Grammenos v. Lemos,* 457 F.2d at 1070, citations omitted; *Securities & Exchange Commission v. Gilbert,* 82 F.R.D. 723 (S.D.N.Y.1979).

■ However, the mere fact that service was improper does not require the court to dismiss an action. *Grammenos v. Lemos,* 457 F.2d at 1071. If proper service is still feasible, the court, to avoid the expense and delay involved in reinstituting an action, may retain jurisdiction, and quash the defective service. *Securities & Exchange Commission v. Gilbert,* 82 F.R.D. at 727; *In Re Brown,* 7 B.R. at 488.

■ Therefore, the court, finding that the trustee's service upon Meisinger was not proper service upon the corporation, but that proper service is still feasible, denies the defendants' motion to dismiss for insufficiency of process and orders that the service upon Meisinger be quashed. If the trustee does not properly serve C.P.P. Corp. within ten (10) days of the entry of this order, the corporation may renew its motion to dismiss.

## THE MOTION FOR A CHANGE IN VENUE

■ Pursuant to 28 U.S.C. § 1412, the venue of a bankruptcy proceeding may be transferred in the "interests of justice or for the convenience of the parties." In deciding whether a proceeding should be transferred, courts consider a variety of factors, weighing the competing needs and interests of the parties as well as the purpose of the Bankruptcy Code. *In re Rodriguez,* 29 B.R. 896, 899 (Bankr.E.D.N.Y. 1983). In a Chapter 7 case, these factors include the convenience of witnesses, the parties' access to proof, their ability to receive a fair trial and judicial efficiency. *Id.* Unless the moving party demonstrates, by a preponderance of the evidence, that the equities support a change of venue, the motion for transfer will be denied. *In re Cole Associates, Inc.,* 7 B.R. 154, (Bankr.D.Utah 1980).

■ Defendants have failed to demonstrate that the equities support a change in venue. The defendants' argument posits on the fact that they are California residents who will be inconvenienced by trying a case in New York. They contend that their witnesses, books and records are in California. In addition, Lorton has submitted an affidavit in which she asserts that she is elderly (62 years) and disabled by a bad back and would suffer physical and financial hardships if required to try the case in this district. No medical evidence concerning the severity of her condition has been introduced.

In response to the defendants' assertions, the trustee, in opposition to the motion, observes that the debtor's books and records on which she will rely are in this district, and that she too has witnesses who would suffer hardship if the venue of the proceeding were changed. Therefore, although sympathetic to the burden to the defendants of trying a case in this forum, the court finds that a change in venue is not warranted.

> Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed.

*Cole Associates, Inc.,* 7 B.R. at 157, *citing* Moore's Federal Practice ¶ 0.145(5). Accordingly, the defendants' motion for a change in venue is denied.

SETTLE ORDER.