**In re GREAT AMERICAN RESOURCES, INC., Needco Operating Partnership, Gar Field Operations, Great American Partners, Gar Partners, Debtors.**

**Bankruptcy Nos. B87–01428–Y to B87–01432–Y.**

United States Bankruptcy Court, N.D. Ohio.

March 2, 1988.

Alec Wightman, Baker & Hostetler, Columbus, Ohio, John Silas Hopkins, and Kevin T. Duffy, Cleveland, Ohio, for debtors/debtors-in-possession.

Chris L. Christenson, Los Angeles, Cal., for Royal Oaks Petroleum and MM Resources, Inc.

### ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

These cases were instituted by the filing of Petitions for Relief under Chapter 11 of Title 11, United States Code, on November 3, 1987. On February 4, 1988, a Motion was filed on behalf of a party in interest and a member of THE CREDITORS COMMITTEE seeking a change of venue of these proceedings to The United States Bankruptcy Court for the Southern District of California, at San Diego. A hearing was held on Tuesday, February 23, 1988, at which time the Court was presented with testimentary and documentary evidence with respect to the Motion.

Venue of cases under Title 11 is provided for in 28 U.S.C. Sec. 1408, which provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

It appears to the Court that the Debtor companies operated their business from an office in San Diego, California for approximately ten years prior to October 15, 1987, when the Debtors closed their office in San Diego and moved to Warren, Ohio, in this judicial district. Thus, the Debtors' principal place of business was located in the Southern District of California for a longer portion of the one-hundred-eighty-day period (180–day) period than in the Northern District of Ohio. Improper venue is not an appropriate ground upon which to dismiss this case. *In re Holiday Towers, Inc.*, 18 B.R. 183, 186 (Bankr.S.D. Ohio 1982). The sole question is whether to change the venue of these jointly administered cases.

The change of venue of cases under Title 11 is provided for in 28 U.S.C. Sec. 1412, which provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

The statute has been read to include in the bankruptcy courts jurisdiction to make venue determinations. *In re Butcher*, 46 B.R. 109 (Bankr.N.D.Ga.1985). The language of Sec. 1412 has also been determined to include the authority to retain a case filed in an improper venue where the interest of justice or the convenience of the parties dictates. *In re Boeckman*, 54 B.R. 110, 111 (Bankr.D.S.D.1985).

A review of the evidence and a reading of Sec. 1408 suggest that venue may have improperly been in this Court when the Petitions were filed on November 3, 1987. Under the circumstances, the Debtors, seeking retention of the improperly filed cases, must show that the cases should be retained in this Court. *Barnes v. Whelan*, 689 F.2d 193, 205–206 (D.C.Cir.1982); *In re Butcher*, 46 B.R. 109 (Bankr.N.D.Ga.1985). The Court in *Barnes* (689 F.2d at 206) concluded that Congress intended the applicable test to be "the most appropriate forum" under the factual circumstances found in each case. The statutory term

"for the convenience of the parties" under Sec. 1412 and its predecessors has been held to mean that venue decisions should not merely shift the inconvenience from one party to another. *In re Legend Industries, Inc.*, 49 B.R. 935, 938 (Bankr.E.D.N. Y.1985); *Matter of Lakeside Utilities*, 18 B.R. 115, 118 (Bankr.D.Neb.1982).

The Debtors' business is primarily that of an owner of leases of land and interests in the proceeds of sale of oil and gas from wells located throughout the United States. Although the Debtor owns more wells located in this judicial district than in any other, the determination that that constitutes location of the principal assets of the Debtor would require the proverbial "splitting of hairs," an exercise that we do not believe was intended by Congress. Debtors are not engaged in the physical operation of oil and gas wells, and it appears to the Court that the Debtors' operations consist largely in the collection and disbursement of funds arising from ownership of interests in those wells. As a witness for Movant testified, the entire operation can be run from any location where there is a telephone. The Debtor apparently no longer has employees but, rather, is operated by a third party, based upon a pre-Petition contract.[1] Former officers and employees of Debtor Companies are located variously, but appear to be primarily located nearer to the Southern District of California than to the Northern District of Ohio. The books and records of Debtors have been located in this judicial district since on or about October 15, 1987. Potential witnesses who could testify as to the current business operations of Debtors appear to be located within this judicial district. The Court's review of the Schedules of Debtor GREAT AMERICAN RESOURCES, INC., shows that only three percent (3%) of the dollar value of liquidated unsecured claims of that Debtor are owed to entities showing a business address within the Southern District of California. The number of unsecured creditors located within this judicial district is negli-

gible. There is a suggestion that there are State of California controversies that should be decided within that state's borders. The Court has no direct knowledge of any such controversies, and that factor's weight in this determination is negligible. The assets of Debtors consist of some hard assets (equipment and well site machinery), the current market value of which appears to be substantially below its acquisition costs, and entitlement to payments of royalty interests from oil and gas wells located throughout the United States. The ability to receive a fair trial of issues and the interest of judicial efficiency are not overwhelmingly in favor of either of the proposed venue locations. Since the purpose of considering these various factors with respect to the convenience of parties is not meant to shift the inconvenience, and where after balancing all of the factors, the equities lean but slightly in favor of the Movant, the Debtors' choice of forum should not be disturbed. *In re Legend Industries, Inc.*, 49 B.R. 935, 938 (Bankr.E. D.N.Y.1985).

After reviewing the legislative history of Secs. 1408 and 1412 providing for venue of cases arising under Title 11 and reviewing the common law that has developed under these Sections and their predecessors, the Court concludes that the most appropriate forum under the factual circumstances here found must be the Northern District of Ohio. The Motion to change the venue of these jointly administered cases is overruled. The Motion of Debtor to vacate the Court's Order of February 17, 1988, is overruled.

IT IS SO ORDERED.

---

1. Whether that contract is executory in nature is not before the Court, and a determination in that respect is not required to resolve the venue issue.