**CAN–BASE PRODUCTIONS, LTD., Plaintiff,**

v.

**PORTRAIT RECORDS, a division of CBS Inc., Defendant.**

**No. 77 Civ. 2054 (CHT).**

United States District Court, S. D. New York.

Jan. 25, 1978.

Marshall, Morris, Powell & Silfen, New York City, for plaintiff; Robert W. Cinque, James P. Cinque, New York City, of counsel.

Weisman, Celler, Spett, Modlin, Wertheimer & Schlesinger, New York City, for defendant; Milton Waxenfeld, Alan B. Sparer, New York City, of counsel.

MEMORANDUM

TENNEY, District Judge.

Defendant Portrait Records, a division of CBS Inc. ("Portrait"), has moved this Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Western District of Washington at Seattle and for a protective order under Rule 26(c) of the. Federal Rules of Civil Procedure ("Rules") vacating plaintiff's notice to take defendant's deposition and striking therefrom a requirement for the production of documents on the deposition. Plaintiff, Can-Base Productions, Ltd. ("Can-Base"), a corporation organized under the laws of British Columbia, Canada, with its principal place of business in that province, manufactures and distributes phonograph records and tapes. Can-Base alleges that Portrait induced a singing group known as "HEART" to breach its exclusive contract with plaintiff and to record instead for defendant. Defendant has entered a general denial but in advance of addressing the merits of the complaint has asked for the section 1404(a) transfer on the grounds that this action presents questions of law and fact common to those being litigated in the proposed transferee court and that that district is the most convenient forum for resolution of all disputes arising from the "HEART"/Can-Base relationship. It is undisputed that venue would be proper in that district under 28 U.S.C. §§ 1391(a) and (c) because an office for the transaction of business is maintained there by CBS Inc. For the following reasons, the motion to transfer is granted. No decision is reached on the motion for a protective order under Rule 26(c), and that issue is left to the purview of the transferee court.

*Transfer of Venue*

The instant action is another chapter, introducing new participants, in what is essentially a contractual dispute between the performers, "HEART," and the plaintiff. In January 1977, "HEART" began an action against plaintiff in California state court seeking a declaration that the artists had validly terminated their contract with plaintiff because of plaintiff's alleged breaches. A week later, plaintiff sued "HEART" and certain other defendants in the United States District Court for the Western District of Washington seeking to enforce the contract, and to obtain damages against the other defendants for allegedly having induced "HEART" to breach.

Thereafter, Can-Base removed the California state action to the local federal court, and it was transferred to the United States District Court for the Western District of Washington. This Court has not been told whether those two actions have been consolidated for trial, but it is clear from what has been submitted that all litigation involving the "HEART"/Can-Base contract—other than the instant case—is currently pending in the Washington federal forum. Indeed, defendant reports that certain orders have already issued from the Washington court, i. e., an order dated March 10, 1977 directing maintenance of the status quo as to the disposition of certain tapes, recordings and songs but denying Can-Base's motion to preliminarily enjoin "HEART" from negotiating recording contracts with anyone other than Can-Base, and an order dated April 28, 1977 denying Can-Base's motion for a preliminary injunction claiming violation of the status quo order, which motion was made "principally by reason of HEART's having entered into a recording agreement with CBS on March 22, 1977 and the imminent release of a new album under CBS' PORTRAIT RECORDS label." Defendant's Memorandum 4. The latter order is an appeal to the United States Court of Appeals for the Ninth Circuit; an injunction pending appeal has been denied, and that denial affirmed.

Can-Base denies none of the above but resists transfer of this action to the Western District of Washington claiming that Portrait has not met its burden under the principle that a plaintiff's choice of forum should rarely be disturbed unless defendant demonstrates that the balance of convenience weighs clearly and substantially in favor of transfer. That is certainly the law. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Ford Motor Co. v. Ryan*, 182 F.2d 329 (2d Cir.), *cert. denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). However, this Court, in the exercise of its discretion to determine relative convenience, *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968), concludes that defendant has made the requisite showing. The criteria which enter into a decision in a section 1404(a) motion are familiar and varied, i. e., convenience to parties and witnesses, availability of proof and of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses and of the litigation as a whole, and expediency in conducting the trial. *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508, 67 S.Ct. 839. The last consideration takes on added significance where there are actions pending in the transferee court at the core of which are issues which might well be dispositive of the litigation at bar. "There is a strong policy favoring the litigation of related claims in the same tribunal." *Schneider v. Sears*, 265 F.Supp. 257, 266–67 and cases cited n.33 (S.D.N.Y.1967); *see Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392 (S.D.N.Y.1975); *American Home Assurance Co. v. Insular Underwriters Corp.*, 327 F.Supp. 717 (S.D.N.Y.1971); *Farbenfabriken Bayer A. G. v. National Distillers & Chemical Corp.*, 324 F.Supp. 156 (S.D.N.Y. 1971). Transfer has been authorized even where, as here, there are different defendants named in the various actions. *Pesin v. Goldman, Sachs & Co., supra; Maxlow v. Leighton*, 325 F.Supp. 913 (E.D.Pa.1971).

In support of its motion to transfer, defendant has submitted a list of party and nonparty witnesses who, it alleges, are located more conveniently to the transferee court. Affidavit of Andrew J. Gerber, sworn to June 7, 1977, ¶ 7. While it is not particularly important that the peripatetic artists themselves are residents of the State of Washington, it is significant that their depositions, along with those of plaintiff's president, of its sales and promotion manager, and of *this* defendant's executive in charge of artists and repertoire have already been taken on the West Coast. In addition, other affidavits from witnesses closely associated with the relationship between "HEART" and Can-Base are now before the Washington court, *id.* ¶¶ 8, 9, 15 & 16, and the affidavit of Larry Harris, general manager of this defendant, is also before that court. *Id.* ¶ 9. Most persuasive

of all to this Court is Portrait's undisputed assertion that its relationship with the singing group has already been considered preliminarily by the proposed transferee court and that that court refused to enjoin "HEART" from entering into a contract with defendant. In view of the fact that Can-Base has requested essentially the same injunction from this Court in its First Claim for Relief, Complaint ¶ 11—except that what is asked of this Court is that Portrait and not "HEART" be enjoined—the suspicion must arise that plaintiff is engaged in a bit of forum shopping.

Can-Base places much emphasis on the "plaintiff's choice" principle, but that theory, already less potent under section 1404(a) than it was under the forum non conveniens doctrine, *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257 (S.D.N.Y.1974); *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 267 F.Supp. 938 (S.D.N.Y.1967); *Schneider v. Sears, supra*, suffers further erosion where plaintiff is not suing in his home forum. *Pesin v. Goldman, Sachs & Co., supra; Ross v. Tioga General Hospital*, 293 F.Supp. 209 (S.D.N.Y.1968); *Rodgers v. Northwest Airlines, Inc.*, 202 F.Supp. 309 (S.D.N.Y.1962). Beyond standing on its right to choose, plaintiff offers little to rebut the persuasive argument of defendant that what is already transpiring in the transferee court can be easily expanded to accommodate the issues raised here. For example, Can-Base's only argument in the face of Portrait's list of witnesses whose convenience would be better served in Seattle is that defendant cannot raise the convenience of plaintiff's witnesses in support of a motion for transfer. This Court does not agree. The language of section 1404(a), *i. e.*, "[f]or the convenience of parties and witnesses," does not distinguish between the movant's witnesses or his opponent's and the process of balancing convenience requires that attention be given to both. *Sypert v. Bendix Aviation Corp.*, 172 F.Supp. 480 (N.D.Ill.1958). Moreover, plaintiff has not shown that any but one possible witness is resident in this forum. That person is the attorney who drafted the "HEART"/Portrait contract, and he is the very representative of Portrait whose affidavit supports its motion to transfer. In this Court's opinion his residence is simply not a substantial consideration in the face of the number of witnesses proximate to the Washington court.

Plaintiff's other arguments in support of its choice of venue are likewise unconvincing. It posits that the forum whose law is applicable should decide the action and notes that the "HEART"/Portrait contract was entered into in New York and that the interpretation of that contract is to be governed by the laws of this state. But none of the terms of the "HEART"/Portrait contract is at issue here. The gravamen of this action is that the bare consummation of that agreement was in derogation of Can-Base's exclusive right to the recording services of "HEART". That question turns on whether it was "HEART" or Can-Base who breached *their* contract, and that instrument is to be "construed according to the laws of the Province of British Columbia." Recording Agreement executed December 11, 1974 ¶ 38 (Defendant's Motion to Transfer, Exh. C). Moreover, should written materials relating to the "HEART"/Portrait contract which are presently located in New York, Affidavit of Robert W. Cinque, sworn to July 7, 1977, ¶ 3, be required at trial in the transferee court, they can easily be supplied through documentary reproduction techniques. *McCrystal v. Barnwell County, South Carolina*, 422 F.Supp. 219 (S.D.N.Y. 1976).

Finally, Can-Base correctly states that assessment of comparative calendar congestion in the transferor and transferee courts must weigh in this equation of transfer equities. *Id.* Plaintiff then submits that "Judge Vorhees of the Washington District Court has stated that the merits of [the pending related actions] would not be reached for another two years." Plaintiff's Memorandum 8. However, this Court cannot give credence to plaintiff's unsupported hearsay reportage of what another judge has or has not said. Moreover, a brief comparison of the statistics on median time

in months from issue to trial of a civil action in the Southern District of New York and in the Western District of Washington over the past six years reveals that matters in this district have taken nearly twice as long to reach trial. *Management Statistics for United States Courts 1976*, at 24, 111. Unhappily, this Court knows of no sudden miracle operating to speed the passage of litigation through this overburdened district.

### Protective Orders

In view of this Court's decision to grant Portrait's motion for a change of venue, it will not reach the defendant's companion motion for a protective order to stay discovery and to strike from plaintiff's notice of deposition a requirement for the production of books, papers and records. Matters of discovery will henceforth be within the purview of the transferee court.

For the reasons discussed, the motion to transfer venue is granted.

So ordered.