**In re ANCHORTANK, INC., Debtor.**

**Bankruptcy No. 78 B 1181.**

United States Bankruptcy Court, S. D. New York.

Feb. 26, 1980.

Kelley, Drye & Warren, New York City, for Union Carbide Corp.

Shea & Gould, New York City, for debtor, Anchortank, Inc.

## DECISION ON MOTION TO TRANSFER

EDWARD J. RYAN, Bankruptcy Judge.

The motion of Union Carbide Corporation ("Union Carbide") for an order pursuant to Bankruptcy Rules 914 and 782, transferring

to the United States District Court for the Southern District of Texas the application of debtor Anchortank, Inc. ("Anchortank") for an order expunging the proof of claim filed by Union Carbide, is granted. Anchortank is a debtor in proceedings for an arrangement pending in this court. Its plan was confirmed on November 2, 1979.

Union Carbide's claim in the amount of $369,720.58 is based upon Anchortank's alleged breaches of contract and of express and implied warranties concerning the performance of certain services by Anchortank at its facility in Texas City, Texas. Anchortank moved this court for an order expunging Union Carbide's proof of claim. Union Carbide now moves this court for an order transferring the application of the debtor Anchortank to the United States District Court for the Southern District of Texas.

Union Carbide bases its motion to transfer on Bankruptcy Rules 914 and 782, alleging that the debtor's application for an order expunging Union Carbide's proof of claim creates a dispute sufficiently serious and complicated to warrant this court's direction that the determination of Anchortank's application be governed by the Part VII rules. Furthermore, Union Carbide alleges that both the convenience of the parties as well as the interests of justice require a transfer of Anchortank's application.

Anchortank, however, alleges that the convenience of the parties, the convenience of the witnesses and the economic and efficient administration of the arrangement proceedings require denial of Union Carbide's motion to transfer Anchortank's application.

Bankruptcy Rule 914 and the Advisory Committee's Note thereto indicate that, upon hearing an objection to a proof of claim the court may direct that one or more of the Part VII rules shall apply. Thus, we come to consider the applicability of Bankruptcy Rule 782 concerning the transfer of adversary proceedings. Rule 782 states that, " . . . any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district . . ."

■ The factors to be considered by a court in deciding a motion to transfer pursuant to Rule 782 are similar to the factors to be considered on a motion for change of venue pursuant to 28 U.S.C. § 1404(a). *Solomon v. The Klingshirn Corporation*, 10 C.B.C. 530 (S.D.Cal.1976). These factors include, " . . . relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises; . . . practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest . . ." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). These factors are paralleled by those enunciated in *The Uhlman Offices, Inc. v. Hartfield-Zodys, Inc.*, 5 C.B.C. 699 (S.D.N.Y. 1975), where the court ordered the transfer of a proceeding, pursuant to Rule 782, from this court to the United States District Court for the Central District of California.

■ In the instant case, Union Carbide alleges that its claim arises out of acts which took place in the Southern District of Texas and that most of the sources of proof are located there, including numerous witnesses. Furthermore, Union Carbide contends that an inspection of the Texas City facility, which was the situs of the alleged breaches, may be essential to the resolution of Anchortank's application. In addition, Union Carbide asserts that a transfer would assist judicial economy and, therefore, be in the public interest since Anchortank's application might be consolidated with an action currently pending in the United States District Court for the Southern District of Texas, which action arises out of essentially the same set of facts as Union Carbide's claim herein. Finally, Union Carbide points out that Anchortank is a Texas corporation with its corporate headquarters located in Texas and, that Union Carbide, similarly, has a place of business in Texas City, thereby making a transfer to Texas convenient for both parties.

Citing *Solomon v. The Klingshirn Corporation, supra,* at 531–533, Union Carbide notes that the residence of the debtor and the pendency of an insolvency proceeding in this jurisdiction are not sufficient factors to overcome the more compelling grounds alleged in support of transfer. Similarly, Union Carbide counters Anchortank's assertion of substantial hardship to the latter should there be a transfer, by pointing out that Anchortank could easily monitor the objection to the claim in the Texas court since it is currently involved in litigation in that locale in a case arising out of essentially the same facts as those presently at bar. Union Carbide notes that at a hearing before this court on September 26, 1979, Anchortank stated that Union Carbide's motion to transfer would not impede confirmation of the debtor's plan and that "it should be okay" for Anchortank to deposit the amount of Union Carbide's claim with the court.

Anchortank responds to Union Carbide's motion to transfer by alleging that the location of Anchortank's books and records in New York, coupled with a general policy of deference for plaintiff's choice of forum and the absence of a showing by Union Carbide that a transfer would be more convenient, all militate against granting the transfer motion.

This court is persuaded, after a careful evaluation and consideration of all the relevant factors, that the motion to transfer should be granted. The court agrees with the claimant's analysis of the Rule 782 transfer of adversary proceedings and it finds that the facts herein warrant a transfer of Anchortank's application to the United States District Court for the Southern District of Texas.

The factors determining a motion to transfer are by no means absolute. No one element is of controlling importance; rather, each factor is to be considered and then the motion is to be granted or denied after a careful weighing of all of the factors. Thus, the location alone of the debtor's books and records in New York is insufficient to defeat the countervailing elements supporting a transfer motion.

Similarly, the plaintiff's choice of forum, while a significant factor, is not to be blindly accepted in the face of more compelling reasons for transfer, such as the interests of justice and the convenience of the parties. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Can-Base Productions, Ltd. v. Portrait Records,* 445 F.Supp. 777 (S.D.N.Y.1978). Union Carbide has demonstrated, by affidavit, that it would be inconvenient for it to litigate this matter in New York and, that since Anchortank's state of incorporation, principal place of business and the facility concerned in the instant suit are all located in Texas, along with Union Carbide's place of business, that State is a more appropriate forum for this litigation. Transferring this proceeding to the United States District Court for the Southern District of Texas would serve the interests of justice by minimizing the number of forums where litigation is held and, consequently, keeping litigation expenses to a minimum.

The issues decided in the transferee court might well be dispositive of the litigation at bar. *Can-Base Productions, Ltd. v. Portrait Records, supra.* While it is true that a transfer of Anchortank's application will be directed by the clerk to a "Referee" of the court in Texas, a motion to consolidate the cases could easily achieve the goal of one litigation or, as the second most expedient alternative, the litigations could proceed in the same district. See as to 28 U.S.C. § 1404(a), *Schlusselberg v. Werly,* 274 F.Supp. 758 (S.D.N.Y.1967); *Duplan v. Deering Milliken, Inc.,* 324 F.Supp. 102 (S.D.N.Y.1970). Thus, on balance, the factors weigh in favor of transfer as to debtor-plaintiff's choice of New York as the forum of litigation. Regardless of the debatable policy of affording deference to plaintiff's choice of forum, it is noted that while, superficially, Anchortank is the plaintiff for purposes of the application for an order expunging the proof of claim filed by Union Carbide, it is the latter's claim which forms the actual basis for the litigation. Union Carbide is, in reality, the plaintiff in the

within action. *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2 Cir. 1962). Anchortank is hardly in the position of a party plaintiff concerning Union Carbide's proof of claim. Thus, although Union Carbide was initially required to file its proof of claim in this forum, the realities of the situation indicate that Anchortank ought not, in any event, be afforded the questionable "deference entitled to plaintiff's choice of forum"; rather, the forum honored should be the one freely chosen by Union Carbide as embodied in its motion to transfer the application to the United States District Court for the Southern District of Texas. Such action appears consistent with the Advisory Committee's view that a more liberal interpretation should be given to Rule 782 than to 28 U.S.C. § 1404(a).

The evidence herein demonstrates that the balance of convenience and justice weighs heavily in favor of transfer. The movant has met its burden of proving that the present forum is one in which it is inconvenient for Union Carbide to litigate due to the location of the witnesses and the location of Anchortank's facility. Texas is, on balance, a far more convenient and administratively superior forum for both parties. Anchortank is a Texas corporation with its principal place of business in Texas, Union Carbide has a place of business in Texas, and another litigation, which arises out of the same transactions and occurrences, is currently pending in that State.

The motion to transfer is granted.

Settle an appropriate order.