In re JENKINS CLINIC HOSPITAL FOUNDATIONS, INC., Debtor.

JENKINS CLINIC HOSPITAL FOUNDATION, INC., Appellant.

v.

Herman DOTSON, Trustee and Ernest Earl Musgrave, Jr., Appellees.

JENKINS CLINIC HOSPITAL FOUNDATION, INC., Appellant,

v.

Florene Musgrave SIMPSON, Appellee.

Civ. No. 3–82–273.

United States District Court, E. D. Tennessee, N. D.

June 7, 1982.

William S. Howard, Lexington, Ky., for appellant.

Bing Irvin Bush, Lexington, Ky., for Herman Dotson, Trustee.

Paul J. Sherwood, Johnson City, Tenn., James E. Nunley, Bristol, Va., for Florence Musgrave Simpson.

Willard Hamblin, Lexington, Ky., for appellees.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a bankruptcy appeal concerning property located in Kentucky and parties who were, at the time the events related to this case occurred, Kentucky residents. Appellant Jenkins Clinic Hospital Foundation, Inc. has moved to transfer the appeal to the United States District Court for the Eastern District of Kentucky at Pikeville, where the action was originally filed.

 The record indicates that Bankruptcy Judge Joe Lee recused himself and pursuant to Rule 782, Rules Bankr. Proc., transferred the action to the Bankruptcy Court of this Court. Rule 782 provides that

Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and thereafter shall continue as if originally filed in such district. An adversary proceeding

transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred.

Rule 782 contains the same standard as the statute providing for change of venue:

A bankruptcy court may transfer a case under Title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

28 U.S.C. § 1475. The factors to be considered in making a transfer include the relative ease of access to sources of proof; the availability of compulsory process; the cost of obtaining attendance of witnesses; the location of the debtor and the debtor's tangible assets; the proximity of most creditors, in both number and amount; and the probability of economical and efficient administration of the debtor's estate. *In re Neese,* 12 B.R. 968 (Bkrtcy. W.D. Va. 1981); *In re Anchortank, Inc.,* 3 B.R. 72 (Bkrtcy. S.D.N.Y. 1980)

The record indicates that Bankruptcy Judge Lee disqualified himself on motion of defendants Florene Musgrave Simpson and Ernest Earl Musgrave, Jr. because of his statement that he would not return the hospital to the Musgraves under any circumstances. He concluded that "the alternative, then, is to ask that someone else, some other Bankruptcy Judge be designated to try the case." (Tr. at 9). Bankruptcy Judge Lee found that "in the interest of justice and for the convenience of the parties" the case should be transferred to the Bankruptcy Court for the Eastern District of Tennessee, Northern Division, for trial by Bankruptcy Judge Clive Bare.

 These findings are not supported by the record. The hearing dealt only with the disqualification issue. None of the factors listed above was considered, and no proof introduced at the hearing indicated that the interests of justice and the convenience of the parties required that the case be transferred to the Eastern District of Tennessee. Furthermore, it was improper to transfer a case which has no connection with this Dis-

trict without obtaining the consent of the District Judge who would decide the appeal. In the opinion of the Court, Bankruptcy Judge Lee erred in transferring the case to this District.

Another Bankruptcy Judge should have been designated to hear this case in the Bankruptcy Court for the Eastern District of Kentucky. In light of Bankruptcy Judge Lee's statement at the hearing that the designation of another Bankruptcy Judge was necessary after he disqualified himself, we assume that he intended to designate Bankruptcy Judge Bare to try this case. He attempted to accomplish the designation by a transfer. At the present time there is no statute outlining the procedure for the designation of a Bankruptcy Judge to sit in a district other than the one where he normally sits. Effective April 1, 1984, an amendment to 28 U.S.C. § 292(b) will allow the chief judge of a circuit to designate a district judge to hold a bankruptcy court in any district within the circuit. In the absence of statutory authority, this Court seriously doubts that one bankruptcy judge may designate another bankruptcy judge from another district to try a case. If the designation were proper, the appeal would be to the Bankruptcy Court for the Eastern District of Kentucky since the designation was for Bankruptcy Judge Bare to try the case as a bankruptcy judge of that court.

In summary, we hold that this case was improperly transferred to the Bankruptcy Court for the Eastern District of Tennessee. The case involves residents and property of Kentucky and requires the application of Kentucky law. If Bankruptcy Judge Lee's action is viewed as a designation of Bankruptcy Judge Bare to try the case, the appeal would be to the United States District Court for the Eastern District of Kentucky at Pikeville. This Court should not entertain the appeal under either view of the case.

For the reasons stated, it is ORDERED that this case be, and the same hereby is, transferred to the United States District Court for the Eastern District of Kentucky at Pikeville.

Order Accordingly.