In re Shearn MOODY, Jr., Debtor.

United States of America, United States Senate, Speaker and Bipartisan Leadership Group of the House of Representatives and Bankruptcy Judges Lundin, McFeeley, Norton, Paine, Robinson and Votolato, Intervenors.

Shearn MOODY, Jr., Plaintiff,

v.

EMPIRE LIFE INSURANCE COMPANY, Honorable Tharpe Forrester, Receiver, Defendant.

Shearn MOODY, Jr., Appellant,

v.

EMPIRE LIFE INSURANCE CO. OF AMERICA, Receiver, and John Peterson, Trustee, Appellees.

Shearn MOODY, Jr., Plaintiff,

v.

MOODY NATIONAL BANK OF GALVESTON and Tharpe Forrester, Commissioner of Insurance, Defendants.

Nos. M–84–90, B–83–01490C–11, C–84–1174–G.

Adv. Nos. A–84–0062, 83–0550.

United States District Court, M.D. North Carolina, Greensboro Division.

Jan. 30, 1985.

Jane Ford, of Ford & Ventura, Houston, Tex., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Kenneth W. McAllister, U.S. Atty. and Richard L. Robertson, Asst. U.S. Atty., Greensboro, N.C., for the Middle District of N.C. and Paul Blankenstein, Judith F. Ledbetter, Mona S. Butler, Harold N. Iselin, U.S. Dept. of Justice, Civil Division, Washington, D.C., for intervenor United States.

Michael Davidson, Senate Legal Counsel, M. Elizabeth Culbreth, Deputy Senate Legal Counsel, Morgan J. Frankel, Asst. Senate Legal Counsel, Washington, D.C., for intervenor United States Senate.

Steven R. Ross, General Counsel to the Clerk, Charles Tiefer, Deputy General Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for intervenors Speaker and Bipartisan Leadership Group of the U.S. House of Representatives.

Richard Lieb and Laurence J. Kaiser of Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, and Gerald S. Schafer, Greensboro, N.C., for Bankruptcy Judges Keith M. Lundin, Mark B. McFeeley, William L. Norton, Jr., George C. Paine, II, Hugh Robinson, Arthur N. Votolato, Jr.

## MEMORANDUM ORDER

HIRAM H. WARD, Chief Judge.

There are four motions in this bankruptcy case pending before the Court. On October 25, 1984, the debtor moved the Court to withdraw its reference of his case to the bankruptcy judges of this district, declare the Bankruptcy Amendments and Federal Judgeship Act of 1984 (1984 Act) unconstitutional, and rescind this district's Standing Order No. 10 (August 15, 1984) referring cases, matters, and proceedings in bankruptcy to bankruptcy judges. The United States has moved to intervene and filed a Memorandum in support of its position that sections 106 and 121 of the 1984 Act are unconstitutional. (January 4 & 7, 1985).

The United States Senate and six bankruptcy judges from other districts have intervened in support of the constitutionality of the 1984 Act and filed memorandums in that regard. (January 18, 1985). On January 24, 1985, the Speaker of the House of Representatives and other members of Congress moved to intervene in this action to present the official constitutional defense to the challenged Act. The Court has received these proposed intervenors' memorandum in support of the constitutionality of the 1984 Act. Separate from the constitutional question is Trustee's motion for change of venue filed in the bankruptcy court on January 16, 1975. The Honorable James B. Wolfe, Jr., United States Bankruptcy Judge, conducted a hearing on the venue motion and has submitted his Findings and Recommendations (January 16, 1985) to the Court. The Court will grant the motions of the United States and Speaker of the House of Representatives' to intervene, deny the debtor's motion to withdraw the reference on constitutional grounds, and transfer this case and all related matters and proceedings to the United States District Court for the Southern District of Texas.

## CONSTITUTIONAL QUESTION

The several events which preceded and led to enactment of the 1984 Act [1] are quite familiar to the Court and all interested parties. Section 121(e) of the 1984 Act extends the term of any bankruptcy judge serving on June 27, 1984, to the day of the enactment of the 1984 Act—July 10, 1984. Section 106(a) of the 1984 Act extends the terms of bankruptcy judges serving on July 10, 1984, for four years after their last appointment or through October 1, 1986, whichever is later. The constitutional issue raised herein is whether these sections violate the separation of powers principle of the appointments clause of the Constitution, article II, section 2, clause 2.

The raising of this issue comes as no surprise to the Court. Questions concerning the 1984 Act's constitutionality surfaced essentially contemporaneous with its enactment and likely will remain until finally answered by the Supreme Court. Strong arguments can be made for and against the validity of the 1984 Act and have been made in this Court and others. Arguments very similar or identical to those presented in this case were advanced in *In re Benny,* 44 B.R. 581 (D.C.N.D.Cal. 1984). In fact, all of the instant intervenors filed memorandums in *In re Benny.* In a Memorandum Decision, the Honorable Robert H. Schnacke, United States District Court Judge for the Northern District of California, found that by virtue of the holdover provisions in sections 404(b) and (d) of the 1978 Act, as amended by the four extension statutes passed to maintain the continuity of the bankruptcy system prior to enactment of the 1984 Act, all incumbent bankruptcy judges remained in office at least until July 10, 1984. This finding was sufficient to resolve the case before Judge Schnacke without deciding whether section 121(e) of the 1984 Act is constitutionally infirm as an impermissible retroactive extension of the bankruptcy judges' offices and an invalid exercise of legislative appointments. However, Judge Schnacke, in a thorough and well reasoned analysis, considered the constitutional question and alternatively concluded that section 121(e) was appropriate retroactive legislation, not inconsistent with the Constitution. Having given careful consideration to this analysis and the arguments presented by the debtor and intervenors in this case, the Court concurs on the side of the 1984 Act's constitutionality. Withdrawal of the reference on constitutional grounds is not appropriate.

---

1. Principally, these events are the Bankruptcy Reform Act of 1978 (1978 Act), the Supreme Court's declaration in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), that the jurisdiction granted bankruptcy courts in section 241 of the 1978 Act violated Article III of the Constitution, and the emergency rule reference of bankruptcy matters from district courts to bankruptcy judges in the interim between the expiration of the Supreme Court's stay in *Marathon* and enactment of the 1984 Act on July 10, 1984.

**234**

## CHANGE OF VENUE

The trustee's motion for a change of venue was made to the bankruptcy court pursuant to former 28 U.S.C. § 1475. This statute was effectively repealed by section 113 of the 1984 Act. In section 102 of the 1984 Act, Congress amended Chapter 87 of Title 28 of the United States Code by enacting four new bankruptcy venue procedures, including 28 U.S.C. § 1412 which provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." In accordance with this statutory change, the bankruptcy court, following a January 9, 1985 hearing, submitted its findings and recommendations on the change of venue motion for the Court's consideration.

■■■ While the court with jurisdiction to transfer a bankruptcy case has been changed, the standard for transfer has not. It is readily apparent that another district is the more appropriate venue for this case. The debtor does not reside in this district, and no assets of his estate are located here. The principal places of the debtor's businesses, which are subject to administration of this Chapter 11 proceeding, are located in the Southern District of Texas. No creditors of the debtor, existing at the time this case was initiated, are located in this district. Rather, a substantial number of the creditors are located in the Southern District of Texas, and the largest single claim is filed by an Alabama creditor. The trustee appointed in this proceeding has experienced significant logistical problems in performing his duties as a result of the distance between the debtor's assets and businesses and the chosen venue. These facts alone unquestionably establish that venue would be more appropriate in another district.

■■ The candidate districts for transfer are the Northern District of Alabama and the Southern District of Texas. Neither are strangers to judicial proceedings involving the debtor. Consideration has been given to transferring the adversary proceeding involving the Alabama claim independent of the rest of the proceedings in the bankruptcy case. Alabama would be convenient to that particular creditor's claim and its state law may control. However, federal courts routinely apply foreign state law and any convenience to the creditor is at this time outweighed by the benefits which will be gained by administering the entire case in the district of the debtor's residence and places of business. Because the outcome of the adversary proceeding will have a significant impact on the entire bankruptcy case, it is important that the transferee court which will have authority over all the other proceedings at least have the opportunity to exercise jurisdiction in the adversary proceeding. The interests of justice would best be served by transferring this case and all related proceedings intact to the Southern District of Texas.

IT IS, THEREFORE, ORDERED that the United States' and Speaker of the House of Representative's motions to intervene be, and the same hereby are, GRANTED. The Clerk is directed to file the Speaker's memorandum in support of the constitutionality of the 1984 Act which was previously received by the Court.

IT IS FURTHER ORDERED that the debtor's motion to withdraw the reference on constitutional grounds be, and the same hereby is, DENIED. The Court would not be inclined to grant a stay pursuant to Rule 8, Fed.R.App.P., pending any appeal of this Order; therefore, any future relief with regard to the denial of the motion challenging the constitutionality of the 1984 Act should be sought in the Court of Appeals.

IT IS FURTHER ORDERED that the Trustee's motion to transfer this case be, and the same hereby is, GRANTED. IT IS ORDERED that the reference of this case to the bankruptcy court of this district be, and the same hereby is, WITHDRAWN, and that this action be, and the same hereby is, TRANSFERRED to the Southern District of Texas.

The Clerk of this Court is directed to transmit to the Clerk of the Southern Dis-

trict of Texas the complete record in this case, including all papers filed, orders entered, and proceedings had in this Court and in the bankruptcy court of this district, under certified seal of the Court.