In re Floyd Hoover
THOMASSON, Debtor.

John C. McLEMORE, Trustee, Haig
Chookaszian and Donald
Chookaszian, Plaintiffs,

v.

Floyd Hoover THOMASSON,
Defendant.

Bankruptcy No. 285–01684.
Adv. Nos. 285–0352, 285–0358.

United States Bankruptcy Court,
M.D. Tennessee.

May 5, 1986.

H. Marshall Judd, Cookeville, Tenn., for debtor.

John E. Acuff, Cookeville, Tenn., for Haig and Donald Chookaszian.

John C. McLemore, McMackin, Garfinkle & McLemore, Nashville, Tenn., trustee.

Edwin M. Walker, McMackin, Garfinkle & McLemore, Nashville, Tenn., for trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The plaintiffs move to transfer venue of this case and two adversary proceedings to the Northern District of Illinois. I find that the power to change venue under 28 U.S.C.S. § 1412 (Law.Coop.1986) may be exercised by the bankruptcy court in bankruptcy *cases* and in *core* adversary proceedings. The facts support transfer of this case and adversary proceedings.

The following constitute findings of fact and conclusions of law. Bankruptcy Rule 7052.

### FACTS

The debtor sold interests in Tennessee oil and gas wells to numerous suburban Chicago investors. A lawsuit resulted in which the debtor and others are alleged to have violated securities laws and the Racketeering Influence Corrupt Organization statute, and to have committed fraud, conspiracy, breach of fiduciary duties, bad faith, misrepresentation and breach of contract. *Chookaszian v. Thomasson*, No. 84C10960 *Class Action Complaint* (N.D.Ill. Dec. 27, 1984).

The debtor deflected the Chicago lawsuit by filing a Chapter 7 petition in the Middle District of Tennessee on June 7, 1985. The debtor listed only two creditors in Tennessee and 69 creditors with claims in excess of $2.9 million in the Chicago area. The allegations in the Chicago lawsuit, if true, implicate nondischargeability under 11 U.S.C.S. § 523 (Law.Coop.1986). There are no assets in Tennessee. This is a no asset case.

### DISCUSSION

Change of venue is addressed by 28 U.S.C.S. § 1412 (Law.Coop.1986):

> A *district court* may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties (emphasis added).

Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 ("BAFJA"), change of venue was controlled by 28 U.S.C. § 1475 (1982):[1]

---

1. 28 U.S.C. § 1475 (1982) was not repealed by the 1984 Amendments, though its continued vitality is subject to question. *See In re Leonard,* 55 B.R. 106, 109–10 (Bankr.D.C.1985); *Moody v.*

A *bankruptcy court* may transfer a case under title 11 or a proceedings arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties (emphasis added).

Courts and commentators disagree whether bankruptcy courts retain power to transfer venue of cases and adversary proceedings after the 1984 Amendments. *See, e.g., In re Leonard,* 55 B.R. 106 (Bankr.D.D. C.1985) (bankruptcy court may enter a final order transferring venue); *Armstrong v. Rainier Financial Services, Co. (In re Greiner),* 45 B.R. 715, 12 BANKR.CT.DEC. (CRR) 820, 12 COLLIER BANKR. CAS.2d (MB) 363 (Bankr.D.N.D.1985) (only district court may transfer an improperly venued case; bankruptcy court's only option is to dismiss); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715, 14 BANKR.CT. DEC. (CRR) 122 (Bankr.D.Conn.1986); *Moody v. Empire Life Insurance Co.,* 46 B.R. 231 (M.D.N.C.1985). *See also* R. Lieb & J. Lewittes, *Correspondence: Some Thoughts on Jurisdiction and Venue,* 1985 NORTON BANKR.L.ADV. NO. 11 at 7 (Callaghan & Co. Nov., 1985) (arguing for and against the exercise of power by the bankruptcy court to transfer venue).[2]

28 U.S.C.S. § 1412 (Law.Coop.1986) is part of the 1984 Congressional response to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Under BAFJA, original (and sometimes exclusive) jurisdiction of bankruptcy cases and proceedings begins in the district court. 28 U.S.C.S. § 1334(a) and (b) (Law.Coop.1986). The district court may refer bankruptcy cases and proceedings to the bankruptcy court for the district. 28 U.S.C.S. § 157(a) (Law.Coop.1986).[3] The bankruptcy court may hear and determine all referred *cases* and all "core" *proceedings,* subject only to appellate review by the district court. 28 U.S.C.S. § 157(b)(1) (Law.Coop.1986). Absent consent, a bankruptcy court may only hear a "non-core" *proceeding* and propose findings of fact and conclusions of law to the district court. 28 U.S.C.S. § 157(c)(1) (Law.Coop.1986).

■ A motion to change venue of a bankruptcy *case* is a "matter concerning the administration of the estate" defined by BAFJA to be a "core" proceeding. 28 U.S.C.S. § 157(b)(2)(A) (Law.Coop.1986). When such a motion arises in the bankruptcy *case* itself, *Northern Pipeline* is not obviously implicated and there is no constitutional impediment to the entry of a final order by the bankruptcy court. 28 U.S.C.S. § 157(b)(1) (Law.Coop.1986).

■ A motion to change venue of a "core" adversary proceeding partakes of the quality of the proceeding in which it arises and can be finally determined by the bankruptcy court without traverse of *Northern Pipeline.*[4] *Id.* The adversary

*Empire Life Insurance Co.,* 46 B.R. 231, 234, 12 COLLIER BANKR.CAS.2d (MB) 479, 482 (M.D. N.C.1985).

**2.** There are other reported decisions in which bankruptcy courts have entered final orders denying or granting motions under 28 U.S.C.S. § 1412 (Law.Coop.1986) which do not address the question raised here. *See Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 12 BANKR. CT.DEC. (CRR) 1284 (M.D.Ga.1985); *Franklin Computer Corp. v. Harry Strauss & Sons, Inc.,* 50 B.R. 620, 13 BANKR.CT.DEC. (CRR) 209, 12 COLLIER BANKR.CAS.2d 1447 (Bankr.E.D.Pa. 1985); *DeRosa v. C.P.P. Corp. (In re Legend Industries, Inc.),* 49 B.R. 935, 12 COLLIER BANKR.CAS.2d (MB) 1216 (Bankr.E.D.N.Y. 1985); *Cotton v. Shirah (In re All American of Ashburn, Inc.),* 49 B.R. 926, 13 BANKR.CT.DEC. (CRR) 93 (Bankr.N.D.Ga.1985); *Excelite Corp. v.*

*Custom Vanities, Inc.,* 49 B.R. 923, 13 BANKR. CT.DEC. (CRR) 96 (Bankr.N.D.Ga.1985); *Frazier v. Lawyers Title Insurance Corp. (In re Butcher),* 46 B.R. 109 (Bankr.N.D.Ga.1985).

**3.** A general order of reference of all bankruptcy cases and proceedings was entered in this district. *In re Administration of Bankruptcy System,* Adm.Order No. 28–11 (M.D.Tenn. entered July 13, 1984, *nunc pro tunc* July 10, 1984).

**4.** This holding is not intended to be circular. That Congress denominates these adversary proceedings (or this bankruptcy case) as "core" does not automatically avoid constitutional infirmity under *Northern Pipeline.* Rather here the statutory characterization of discharge and dischargeability questions as within the "core" powers of the bankruptcy court is not likely to fail *Northern Pipeline* analysis.

proceedings here concern discharge and dischargeability under 11 U.S.C.S. §§ 523 and 727 (Law.Coop.1986) and are core proceedings. 28 U.S.C.S. §§ 157(b)(2)(I) and (J) (Law.Coop.1986).

 The transfer of this case and these adversary proceedings is thus appropriately before the bankruptcy court for final disposition.[5] *Leonard,* 55 B.R. at 109; *Oceanquest,* 56 B.R. at 718, 14 BANKR. CT.DEC. at 124, *but see Moody,* 46 B.R. at 234; *Greiner,* 45 B.R. at 716; Lieb, *Correspondence, supra* at 10.

## II.

Transfer of venue is discretionary. *Frazier,* 46 B.R. at 112. The moving party must carry the burden of proof by a preponderance of the evidence. *Id.*

Factors relevant to transfer of venue include:

(1) the proximity of creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of necessary witnesses;

(4) the location of assets;

(5) the economics of administration of the estate;

(6) the relative ease of access to sources of proof;

(7) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses;

(8) the enforceability of judgment;

(9) relative advantages and obstacles to a fair trial; and

(10) a state's interest in having local controversies decided within its borders.

*See Id.; In re Almeida,* 37 B.R. 186, 188 (Bankr.E.D.Pa.1984); *Jenkins Clinic Hospital Foundation, Inc. v. Dotson,* 22 B.R. 990, 991, 9 BANKR.CT.DEC. (CRR) 862 (E.D.Tenn.1982); *Nixon Machinery Co. v. Roy Energy, Inc.,* 27 B.R. 871, 872 (Bankr.

**5.** Left for another day is the question whether change of venue of a "non-core" proceeding can be finally determined by a bankruptcy court.

E.D.Tenn.1983). The moving parties have satisfied their burden.

These adversary proceedings involve litigation, transactions and witnesses all within the State of Illinois. Retaining venue in the Middle District of Tennessee will cause extreme hardship to the real parties in interest, to witnesses and to the trustee who would be forced to prosecute these actions at significant expense and without support from the estate. Delays in prosecution are likely if venue is retained in this district, in light of the distant physical location of witnesses and evidence.

This case should also be transferred to the Northern District of Illinois. Factors favoring transfer include that over 95% in number and amount of the debtor's creditors reside in the Northern District of Illinois. There are no assets to administer in this jurisdiction. The expense to the trustee of retaining Illinois counsel and travelling to and from that state is prohibitive. This case will be more effectively, efficiently and economically administered in Illinois.

An appropriate order will be entered.

Recent authority in this circuit may bear on that question. *See Boone Coal & Timber Co. v. Polan,* 787 F.2d 1056 (6th Cir.1986).