In the Matter of Thomas Charles OWENS and Betty Joann Owens, Debtors.

**WELLS FARGO CREDIT CORPORATION, Movant,**

**v.**

**Thomas Charles OWENS, Betty Joann Owens, Respondents.**

**Bankruptcy No. 86–04338–SW–11.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

May 2, 1988.

---

Jeffrey Fleischauer, Ross & Associates, Broken Arrow, Okl., for movant.

Thomas L. Williams, Roberts, Fleischaker & Williams, Joplin, Mo., for respondents.

## ON TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

DENNIS J. STEWART, Chief Judge.

This court formerly, on March 8, 1988, issued its written order directing that the debtor further show cause in writing why this case should not be transferred to the United States Bankruptcy Court for the Northern District of Oklahoma in the interest of justice and for the convenience of the parties within the meaning of § 1412, Title 28, United States Code. The principal manner in which it was anticipated that the debtor would demonstrate the feasibility of retaining this case in this district was by completing a form of order directing the creditors to show cause in writing why the proposed chapter 11 plan should not be confirmed.

In making this conditional ruling, however, this court made it clear that the movant Wells Fargo Credit Corporation had made a case under the provision of § 1412, *supra*, for transfer of this case to the Northern District of Oklahoma if the issue of the magnitude of its deficiency judgment was to be tried. For, in the procedures which had been conducted by this court to determine the facts underlying the "convenience of the parties" and "interest of justice" factors, the movant had made a virtually unopposed showing that, if it were necessary to hear that issue, nearly all the necessary parties and witnesses were located in and around the Northern District of Oklahoma.[1]

---

1. As was stated in the show cause order of March 8, 1988:

    "On February 16, 1988, the creditor Wells Fargo Credit Corporation filed its motion for transfer of this case, in the interest of justice and for the convenience of the parties, pursuant to section 1412, Title 28, United States Code, to the Northern District of Oklahoma. In the motion, it is alleged 'that all of the Debtors' business, secured creditors are located in Tulsa, Oklahoma'; that 'all of the Debtors' business property, with the exception of Debtors' 1966 Beech airplane, is located in Tulsa and Waggoner Counties, Oklahoma'; that 'both of Debtors' two unsecured claims for $42.92 are for creditors located in Tulsa County, Oklahoma'; that '[t]he Debtors are located near Joplin, Missouri, which is approximately 112 miles from Tulsa, Oklahoma, and which is approximately 150 miles from Kansas City, Missouri'; that "[a]ll of the appraisals submitted in evidence have been made by witnesses who reside in Tulsa, Oklahoma'; and that, therefore, 'good cause for transfer has been made for the convenience of the parties and in the interest of justice.'

    "On February 25, 1988, this court issued its order directing the debtors to show cause in writing within 15 days why the motion for transfer should not be granted, and further observing that:

    'If uncontradicted, the ... (above) averments appear to state a claim for transfer of this case to the Northern District of Oklahoma....
    If the averments made in response to this order do not satisfactorily join a material issue of fact for hearing, the court may make its order transferring the case without an actual hearing.'

    "On March 4, 1988, the debtors filed their response to the order of February 25, 1988. In that response, they did not contradict any of the assertions of the movant which are quoted above. Rather they stated that the debtors 'have secured creditors from Missouri as well as from Oklahoma.' This assertion, however, does not in any way contradict the averment of the movant to the effect that the secured business creditors of the debtors are

But it was the factual contention of the debtors that that matter had been fully resolved by an arbitration proceeding which had been conducted pursuant to the orders of this court. In that procedure, which had been invoked when the court had been unsuccessful in its attempts to bring the parties and their counsel into a hearing of the matter,[2] the arbitrator's award had been issued on February 18, 1988, and had been to the effect that the magnitude of the deficiency of Wells Fargo Credit Corporation is $56,352.59. A timely notice of nonacceptance of that award was filed by Wells Fargo Credit Corporation on February 29, 1988.

Through error of the undersigned, the notice of nonacceptance was not discovered before composition of the order of March 8, 1988. Therefore, rejection in that order of the contention that transfer to the Northern District of Oklahoma would be for the convenience of the parties and witnesses was predicated on the erroneous finding that a timely notice of nonacceptance had not been filed, when in fact it had been filed.

On the issue of the witnesses which will be necessary in a de novo trial to resolve this issue, the showing has been made by the movant Wells Fargo Credit Corporation that nearly all of them are located in the Northern District of Oklahoma. The debtors have not bothered, on this issue, to present the affidavits which were requested by the court nor have they submitted any particularized factual contentions, except that the issue has been resolved by arbitration, when it in fact has not been so resolved.

The other contention which has been raised by the debtors in opposition to the proposed transfer to the Northern District of Oklahoma is that such a transfer will result in loss of any and all chapter 11 relief to them. As it is expressed by their counsel:

"As the undersigned understands the dispute, the movant is not seeking for a new trial or further hearings in Oklahoma, but rather to request the State Court to enter an order of deficiency based on a sheriff's sale which would not take into consideration the applicable provisions of the bankruptcy code in determining the allowed amount of a secured claim under 11 U.S.C. Section 506. Thus, the motion, if granted, would effectively deny the debtors from pursuing their rights under the provisions of chapter 11."

Unfortunately, however, despite the explicit invitation issued by the court to support their legal contentions with affidavits or other particularized statements, the debtors have not done so. In the absence of such particularized statements, it is difficult to imagine how the debtors' chapter 11 rights could be lost through transfer of this case to a neighboring district, where the hearings will be held, according to the uncontradicted factual assertions of the movant, just over 100 miles from the debtors' residence. There the bankruptcy court will be bound by the same substantive and procedural law that it is bound by in this district. Their counsel in this district should be able to represent them in the neighboring district, through the uncomplicated device of being admitted to practice in that district *pro hac vice*. It is recognized, of course, that the transfer of these chapter 11 proceedings to a neighboring district will make it more inconvenient for

all from the Northern District of Oklahoma. And the mailing matrix and the files and records in the case show that four creditors out of a total of nine are located in the Northern District of Oklahoma and that this constitutes a plurality in the sense that it is more than are located in any other district."

2. As observed in this court's order of December 7, 1987, submitting the matter to arbitration: "The court formerly set a hearing on the motion of the movant for a determination of a deficiency which may be due it after the sale of certain secured property and the crediting of the proceeds of sale against the balance due. The hearing was set for November 20, 1987, in Joplin. Neither party attended the trial. A motion for continuance was later filed by the debtors. It speaks of the inability of the parties to attend the hearing. The court's difficulty in obtaining use of the out-district courtrooms therefore compel it to submit the issues in this case to nonbinding arbitration."

the debtors to exercise and to gain their full rights under the provisions of the bankruptcy laws of the United States. But, in determining the issue of transfer pursuant to § 1412, Title 28, United States Code, it is the office of the bankruptcy court[3] to determine the *balance* of convenience among the parties and to transfer the case if, on balance, a grave inconvenience to one or more parties can be minimized at the cost of only a mild inconvenience to another party.[4] In this regard, the failure of the debtors to document the facts and circumstances which might evidence a more serious inconvenience to them is fatal to their opposition to the transfer.

For it seems certain that, depending upon what the magnitude of the deficiency to Wells Fargo Credit Corporation is finally adjudicated to be, the debtors' proposed chapter 11 plan will have accordingly to be adjusted.[5] Thus, confirmation can take place only in the wake, and on the predicate, of that deficiency determination. Further, it must be mentioned as an additional factor weighing in favor of transfer that the debtors have not to date submitted an appropriate form of show cause order on the issue of confirmation. It was previously mentioned by this court in its order of March 8, 1988, that it would be necessary and vital to retention of the case in this district that such an order be submitted. But the proposed order which was submitted by counsel for debtors was deficient in multiform respects: the text contained no footnote numerals; there were no footnote numerals on the "notes" page; footnote 1 was defective in failing to identify the amount which was proposed to be paid to the unsecured and undersecured creditors under the plan; and no copy of the excerpt summarizing the "Plan" from the disclosure statement was attached. If counsel will not cooperate with the procedures utilized by the court to facilitate the process toward confirmation, it is difficult to conclude that the retention of the case in this district would redound to the benefit of debtors and creditors. It is therefore hereby

ORDERED that the within chapter 11 proceedings be, and they are hereby, transferred to the United States Bankruptcy Court for the Northern District of Oklahoma.

---

3. As has been observed in the prior order of March 8, 1988, it is the bankruptcy court which is empowered to make the transfer of an entire case under § 1412, Title 28, United States Code.
    "If hearings become necessary and it is determined that the interest of justice and the convenience of the parties requires transfer of this case to the Northern District of Oklahoma, then it appears that this court has the power to make such a transfer. See *In re Thomasson,* 60 B.R. 629, 631 (Bkrtcy.M.D. Tenn.1986) ('A motion to change venue of a bankruptcy *case* is a "matter concerning the administration of the estate" defined by BAFJA to be a "core" proceedings. 28 U.S.C.S. section 157(b)(2)(A).').''

4. In this regard, the failure of debtor to respond to the court's invitation to submit satisfactory affidavits and conclusions of law leaves the court with little alternative but to grant the movant's affidavits and conclusions of law conclusive weight on the issue of transfer.

5. The greater the deficiency, the lower the percentage which unsecured creditors will receive.